JOHN WITHAM & wife *vs.* JOSEPH BUTTERFIELD.

Where personal property, three mortgages of which, of different dates, have been given to one person, is attached on a writ against the mortgagor, and the mortgagee makes a demand on the attaching officer, specifying his claim under one mortgage only, such demand will not support a claim under either of the other mortgages.

Whether a mortgage of personal property is required by the Rev. Sts. *c.* 74, § 5, to be recorded in the town where the mortgagor resides at the time of the execution and delivery of the mortgage, or in the town to which he afterwards removes before the mortgage is recorded, — *quære.*

THIS was an action of trover, commenced originally by the female plaintiff, when sole, under the name of Emma Laroyd, and tried before *Byington,* J., in the court of common pleas, to recover the value of a horse and harness. The defendant pleaded the general issue, and specified in his defence, that as a deputy-sheriff he attached the horse and harness, as the property of Augustus H. Walcott. The plaintiff claimed the property in virtue of a mortgage from Walcott. The defendant

alleged that the mortgage was fraudulent and void as against creditors.

The plaintiff produced in evidence, and claimed the property under, a mortgage from Walcott, bearing date the 3d of April, 1848, and recorded in the office of the city clerk of Lowell, on the 7th of July, 1848, by which he mortgaged to her the property in question, namely, a roan mare, six years old, valued at $100, and a wagon-harness, valued at $15, together with a bread-wagon, valued at $75, and a sleigh-bottom, valued at $50, the whole amounting to $240, as security for a note given by Walcott to the plaintiff for $213.

It was in evidence, that at the time of the making and delivery of the mortgage, Walcott, the mortgagor, was an inhabitant of Boston, resident there; that the property, which had been purchased by him on the 30th of March preceding, was then in Lowell; that Walcott was described in the mortgage as of Lowell, to which place he removed shortly after the mortgage was made, but before it was recorded, and before the property was attached; that after the mortgage was executed, the plaintiff delivered it to the mortgagor, with directions to get it recorded in Lowell; that the mortgagor took the mortgage to Lowell, and put it into his trunk and there kept it, until the 7th of July, 1848, when he took it out and caused it to be recorded.

The property was attached by the defendant on the 7th of August, 1848, and on the 9th of September following, the plaintiff demanded payment of the money due to her from Walcott, which she claimed in virtue of a mortgage described as bearing date the 21st of July, 1848.

It appeared in evidence, that Walcott made a second mortgage to the plaintiff, dated July 6th, and recorded July 7th, 1848, of the same property included in the first, (that of April 3d,) together with other property, to secure the same debt, for which the first mortgage was given, and another note from Walcott to the plaintiff of $300.

It appeared, also, that there was a third mortgage from Walcott to the plaintiff, dated the 21st of July, 1848, and recorded the 29th, of the property sued for in this action, namely, a roan

mare, valued at $175, and a harness, valued at $20, to secure a debt of $213.

The plaintiff did not rely upon either of the two last-mentioned mortgages, to sustain her title to the property in question, but only upon the first.

The defendant objected:—

1st. That the mortgage relied upon, (possession of the property under the same not having been taken or received by the plaintiff,) was not valid against the defendant, because the mortgage was not recorded in Boston, where the mortgagor resided at the time it was made and delivered.

2d. That as there was, in fact, a mortgage between the same parties of the same property, to secure the same debt, with the mortgage of April 3d, 1848, and corresponding in date with the mortgage described in the notice, and also another mortgage of the same property, to secure the same debt, but of another date, the demand and notice were so uncertain, that the defendant could not know therefrom, under and by virtue of which mortgage the plaintiff claimed the property.

These objections (with others not material to be stated) were overruled by the presiding judge, and the plaintiff obtained a verdict; whereupon the defendant excepted.

*J. G. Abbott* and *D. S. Richardson*, for the defendant.

*A. R. Brown*, for the plaintiffs.

Dewey, J. Several questions have been raised, upon the argument of this case, some of which it has been found unnecessary to decide. Of the latter, is that as to the place of recording the mortgage bearing date April 3d, 1848. This mortgage was formally executed and delivered by the mortgagor, while he resided in Boston; but he was described therein as a resident of Lowell, (probably because about to remove there,) and having actually removed to Lowell, the mortgage was there recorded, not having been previously recorded in Boston. Was this in accordance with the provisions of the Rev. Sts. *c.* 74, § 5? The statute requires a mortgage to be recorded in the town where the mortgagor resides. But whether at the place where he resides when the mortgage is executed, or when it is recorded, is left to construction. In the

earlier statute of 1832, *c.* 157, this was made certain; it being there provided, that the mortgage should be recorded in the place where the mortgagor shall reside " at the time of making the same." This latter clause has been stricken out in the revised statutes. Whether this was done for precision merely, or was intended to change the law in a material point, is left wholly in doubt, and has rendered that uncertain which was before certain.

Without deciding the point, we leave it, as, upon another and independent ground, the defence to the present action is well maintained. To entitle a mortgagee to maintain an action against an attaching officer, a demand must be made in a reasonable time upon such officer, giving him notice of the lien, and of the amount of the same. In reference to this provision, the court have been disposed to give it a liberal construction, in favor of the mortgagee, and not to set aside the lien merely by reason of some slight inaccuracy in the form of making the demand, or in the statement of the amount due, provided the statement be made in good faith, and in a reasonable time, and it can be shown that the attaching creditor has been in no way damnified by the error. To that effect was the decision in the case of *Rowley* v. *Rice*, 10 Met. 7.

But the present case differs materially from that. The lien set up by the mortgagee in her notice and demand, was that arising under a mortgage to her bearing date the 21st of July, 1848, whereas upon the trial, she relied solely upon a mortgage executed on the 3d of April, 1848, and recorded July 7th, 1848. If there was nothing more than a discrepancy of date; if there had, in fact, been but one mortgage held by the plaintiff, for the sum stated in her demand and notice; the case would present itself under a very different aspect from that which it now assumes. The facts in the present case show, that the plaintiff held such a mortgage as was recited in her demand. She held not only the mortgage of the 3d of April, but also another mortgage of the 21st of July. She elected to put forth the latter mortgage as her sole lien, to defeat the attachment. Now it might well be, that the attaching creditor had ample ground to dispute the mortgage of the 21st of July.

. as a fraudulent mortgage against creditors, or for some other sufficient cause. He might safely proceed with his attachment, if the mortgagee had no other prior lien. But if a mortgagee can, at the trial, waive his lien under the mortgage set up in his notice and demand, and rely upon another and different lien, under a mortgage of a different date, great injustice may be done to the attaching creditor, and he may be charged in costs and damages, in a case where upon a statement of the lien now relied upon, he would at once have relinquished his attachment and surrendered the property.

The demand and notice of the lien of the plaintiff did not embrace the mortgage of the 3d of April, 1848, and the plaintiff under the notice given had no right to set up that mortgage to defeat the attachment.

*Exceptions sustained and a new trial ordered.*