FRED A. GILBERT, Appellant,

*vs.*

JAMES F. GERRITY.

Penobscot.    Opinion June 27, 1911.

*Forcible Entry and Detainer. Pleading. Declaration. Landlord and Tenant.
Tenancy at Will. Termination. Notice. Revised Statutes,
chapter 96, sections 1, 2.*

1.  The action of forcible entry and detainer is purely a statutory action
and can be sustained only upon a statement and corresponding proof of
one of the cases in which it is authorized by the statute.

2.  In actions of forcible entry and detainer, as in other actions, the proof
must be of the particular case set out in the declaration. Proof of some
other statutory case, not so set out, will not sustain the action.

3.  To determine a tenancy at will by a notice in writing, the notice must be
"given the other party." A written notice left at the residence of the other
party not on the demised premises and so left in his absence without
explanation of its contents and purpose made to some adult member of
his family and not seasonably coming to his own knowledge or that of his
business agent, is not the notice required by the statute.

4.  The day of the termination of a tenancy at will by notice must be stated
in the written notice, and if the notice be not given to the other party
thirty days prior to that day, it will not terminate the tenancy on that or
any subsequent day.

5.  If the defendant be in possession under a written lease and the plaintiff
desires to remove him by the process of forcible entry and detainer
because of expiration or forfeiture of the lease, such case must be stated in
the declaration. Proof only of such a case will not support a declaration
in which is stated only a case of a tenancy at will terminated by written
notice.

On report.    Judgment for defendant.

Action of forcible entry and detainer brought in the Bangor
Municipal Court and by appeal transferred to the Supreme Judicial
Court.

The declaration in the plaintiff's writ is as follows : "In a plea of Forcible Entry and Detainer, for that the said defendant, at Bangor on the first day of August, A. D. 1910, having before that time had lawful and peaceable entry into the lands and tenements of the plaintiff, situated in the City of Bangor, being numbered one hundred twelve (112) and one hundred fourteen (114) Exchange Street, and whose estate in the premises was determined on first day of August, A. D. 1910, then did and still does forcibly and unlawfully refuse to quit the same ; although the plaintiff avers, that he gave notice in writing to said James F. Gerrity thirty days before the first day of August aforesaid, to terminate his estate in the premises." Plea, the general issue with brief statement as follows : "And by way of brief statement, defendant further says : That at the time of the alleged service of the notice to quit, and also at the time of the bringing of this action, he and those who lawfully claim under him, the said defendant, were lawfully and peaceably in possession of the lands and tenements described in the plaintiff's writ and declaration by virtue of a written lease or indenture under seal from Charlotte W. Thatcher et als. to said defendant, James F. Gerrity, dated January 1, 1908, and recorded in Penobscot Registry of Deeds, Book 774, page 272, said Charlotte W. Thatcher et als. being the predecessors in title of said plaintiff, Fred A. Gilbert, he, said Gilbert, having acquired title to the real estate in question subject to said lease or indenture. And defendant further says that any occupancy of the whole or any part of said premises by any party or parties claiming in any manner under said defendant was with the full knowledge and consent of said Gilbert and those under whom he claims ; and defendant further says that neither his estate or tenancy in the premises by virtue of said lease or indenture, or otherwise, nor the estate or tenancy in the premises of those claiming under him, was lawfully terminated either at the time alleged in said writ and declaration, or at the time of the bringing of said action, or at any time previous thereto."

At the conclusion of the evidence in the Supreme Judicial Court, the case was reported to the Law Court for determination.

The case is stated in the opinion.

*George E. Thompson,* for plaintiff.
*Matthew Laughlin and E. M. Simpson,* for defendant.

SITTING : EMERY, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

EMERY, C. J. The plaintiff, the owner of certain business premises on Exchange Street, Bangor, leased to the defendant, seeks to recover possession by the statutory process of forcible entry and detainer. The process is summary, and to sustain it a plaintiff must bring himself completely within the terms and conditions of the statute authorizing it. *B. M. R. R. Co.* v. *Durgin,* 67 Maine, 266. The process is authorized in but four cases, viz : against a disseizor who has not acquired any claim by possession and improvement ; against a tenant occupying under a written lease which has terminated ; against such tenant when the lease is forfeited ; against a tenant at will whose tenancy has been terminated by a prescribed statutory notice in writing. In the second and third cases, the process must be commenced within seven days from the expiration or forfeiture of the term. In the fourth case, the tenancy at will must have been "determined by thirty days notice in writing for that purpose given to the other party," or by mutual consent or by operation of law. R. S., ch. 96, secs. 1 and 2. (There are some exceptions in sec. 2 which however do not affect this case.)

The declaration in this action states a case within the fourth class only. No disseizin, no expiration nor forfeiture of a lease is alleged. The allegation is simply that the defendant before Aug. 1, 1910, had lawful and peaceable entry into the premises ; that his estate was determined on that day ; that he refused to quit although he had been given notice in writing, thirty days before that day, to terminate his estate. The defendant clearly is declared against only as tenant at will whose tenancy was terminated by thirty days notice in writing. Under it, the plaintiff had the burden to show that the tenancy had been thus determined by notice in the manner prescribed by the statute.

The written notice given was as follows:

"Bangor, Maine, July 1, 1910.

James F. Gerrity &c.

You are hereby notified that your tenance on the premises now occupied by you in the City of Bangor, being numbered 112 and 114 Exchange St. in said Bangor will terminate in thirty days from date.

(Signed) FRED A. GILBERT."

The day named in the notice to be the end of the tenancy was July 31, 1910, that being the thirtieth day from the date. Hence for the notice to effect a termination of the tenancy it should have been given to the defendant as early as the day of its date, July 1, 1910. It was left on that day at the residence of the defendant in his absence from the city and did not come to his knowledge till his return the next day, July 2, twenty-nine days only before the day named for the termination of the tenancy. It does not appear that anyone at his residence was informed of the contents or purpose of the notice. The residence was in a different part of the city from the demised premises.

The plaintiff contends that by thus leaving the notice at the defendant's residence, though in his absence from town, it was then "given to the other party" as required by the statute. Whatever might be the effect of giving the notice, the writing, to some agent of the tenant, or leaving it with some one on the demised premises in the absence of the tenant himself, we think it clear that merely leaving the notice at some other place in his absence, and not with any agent nor with any explanation to anyone of its contents or purpose, is not a compliance with the statute even though that other place be his residence. Nothing in the statute indicates that a notice thus left is to be regarded as sufficient. No mode of giving the notice is prescribed, but it is broadly declared that the notice shall be "given to the other party," that is, that the other party shall have notice. Under such a statute, to lay the foundation for such a summary process, we think

something more is required than merely leaving the notice at the tenant's residence at a distance from the demised premises in his absence without more. The notice in this case, therefore, was not effectual to terminate the defendant's tenancy on the day named for its termination, nor was it effectual to terminate the tenancy on any later day. The notice must name the day on which the tenancy is to terminate, and will not operate to terminate it on any other day. For that purpose a new notice must be given. *Currier* v. *Barker*, 2 Gray, 224; *Steward* v. *Harding*, 2 Gray, 335.

But the plaintiff claims he can maintain this process upon another ground. It appears from the evidence that the defendant went into possession under a written lease for a term of years which had not expired. The plaintiff claims, however, that the defendant's rights under the lease had been forfeited because of the use of the premises for purposes prohibited in the lease, and that therefore upon the ground of forfeiture this process is maintainable.

But the plaintiff did not state any such ground in his declaration. He did not allege any written lease nor any relation of landlord and tenant, nor any date of forfeiture, nor any forfeiture at all. He only stated a case of a tenancy at will terminated by a notice in writing. The rule that a plaintiff cannot· recover by stating one case and proving another and different case, applies to actions of forcible entry and detainer as well as to other actions. *Small* v. *Clark*, 97 Maine, 304; *Eveleth* v. *Gill*, 97 Maine, 315.

Further, the evidence shows that the plaintiff made no entry for breach of condition, as authorized in the lease, but notified the defendant both orally and in writing that because of the misuse of the premises he should consider him a tenant at will only.

We must hold that in this case the process cannot be sustained upon either ground, that of forfeiture or of terminated tenancy at will. No other ground is relied upon.

*Plaintiff nonsuit.*