### NICHOLAS KARAHALIES *vs.* PETER DUKAIS.

### Androscoggin.    Opinion December, 1911.

*Statutes.    Pleading.    Landlord and Tenant.    Forcible Entry and Detainer.*
*Revised Statutes, chapter 17, section 1; chapter 96, sections 1, 2, 3.*

Where a public statute is applicable to a case, it is sufficient that the pleading of the party who seeks to rely upon the statute shall set forth the facts which bring the case within the statute.

It is not necessary in a civil action under a statute to set out the statute or to make any reference to it in the declaration, but the case must be brought within its provisions by alleging the requisite facts.

A statute authorizing summary proceedings must be strictly construed, and strict conformity to the statute, in the exercise of the jurisdiction it confers, is essential to the regularity and validity of the proceeding.

A complaint for forcible entry and detainer must disclose enough upon its face to give the court jurisdiction without resort to parol testimony.

Forcible entry and detainer is a proper remedy against a tenant at will whose tenancy has been terminated by alienation by the landlord for a term of years.

In the case at bar, *held* that the plaintiff's declaration did not state a case within the terms of the statute authorizing forcible entry and detainer.

On exceptions by defendant.    Sustained.

Forcible entry and detainer brought in the Municipal Court for the city of Lewiston.    Plea, the general issue with a brief statement alleging that the tenancy of the defendant had not been legally terminated, etc.    An agreed statement of facts was filed and the case heard thereon.    The judge of said court rendered judgment for the plaintiff for possession and costs and the defendant excepted and the case was then certified to the Chief Justice of the Supreme Judicial Court in accordance with the provisions of Private and Special Laws, 1871, chapter 636, entitled "An Act to establish a Municipal Court for the City of Lewiston."

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*Herbert E. Holmes,* for defendant.

SITTING:   WHITEHOUSE, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, HANSON, JJ.

HANSON, J.    This is an action of forcible entry and detainer and comes before the court on exceptions by defendant.

The declaration is as follows:    "In a plea of Forcible Entry and Detainer, for that the said defendant at said Lewiston on the 28th day of September A. D. 1910, having before that time had lawful and peaceful entry into the lands and tenements of the plaintiff situated in Lewiston aforesaid and described as follows: The bakery and bakershop at 187 and 189 Lincoln Street Lewiston, and whose estate in the premises was determined on the twenty-seventh day of September A. D. 1910, then did and still does forcibly and unlawfully refuse to quit the same, although the plaintiff avers that he gave legal notice in writing to the said Peter Dukais before the 28th day of September aforesaid to terminate his estate in the premises."

The plea was the general issue, with the following brief statement.

"And for a brief statement of special matter of defense to be used under the general issue above pleaded the defendant further says: That he was a tenant at will in the premises described in the plaintiff's writ under one Maurice Alpren as landlord and that his tenancy was never terminated by said Alpren by thirty days' written notice to quit as required by Revised Statutes, but that he, the defendant, quit and vacated the premises of his own accord before the plaintiff's writ was entered in this court, and is not now in possession of the premises or any part thereof."

The following facts were agreed upon by the parties:    The defendant was a tenant at will holding the premises described in the plaintiff's declaration under one Morris Alpren as his landlord. His tenancy was not terminated by Alpren by thirty days' notice to quit in writing, but on September 24, 1910, the said Alpren made a lease in writing of the premises to the plaintiff, Karahalies, for the term of two years from September 24, 1910.    The plaintiff gave the defendant a written notice of the fact that he had taken a lease

of the premises from Alpren and that he demanded the possession of the premises. The defendant did not vacate, and on the 28th day of September, 1910, the plaintiff began his action of forcible entry and detainer against him. Before the writ was entered in court the defendant vacated the premises.

The defendant claimed that the declaration was the kind of declaration authorized only when the suit of forcible entry and detainer is against a tenant at will whose tenancy has been terminated as provided in section 2 of chapter 96, Revised Statutes, and that the agreed statement of facts proved that the defendant was a disseizor who had not acquired any claim by possession and improvement, and that consequently there was a variance between the allegations and the proof.

The plaintiff claimed that the declaration was sufficient to maintain the action under the facts stated in the agreed statement.

Upon the pleadings and statement of facts, the Judge ruled that the plaintiff's declaration was sufficient to entitle him to maintain the action, and further ruled that the fact that the defendant vacated the premises before the writ was entered in court, constituted no defense to the suit. To which ruling the defendant excepted.

The certified statement shows the whole case. The declaration followed the form in general use in this State to the clause relating to the termination of the tenancy by notice, and then concludes with the following words : "although the plaintiff avers that he gave legal notice in writing to the said Peter Dukais before the 28th day of September aforesaid to terminate his estate in the premises." The defendant raises the question of sufficiency of the declaration, and urges that the plaintiff has not stated a case within the terms of the statute, and that the proof of the termination of the tenancy submitted is a fatal variance from the allegations in the declaration before us. The plaintiff contends that the declaration is sufficient to maintain the action under the facts stated in the agreed statement.

Was there a case stated within the terms of the statute? If so, has the plaintiff proved his case? R. S., chap. 96, sect. 1, author-

izes the process of forcible entry and detainer against a disseizor who has not acquired any claim by possession and improvement, against a tenant holding under a written lease or contract, or person holding under such tenant, at the expiration or forfeiture of the term, without notice, if commenced within seven days from the expiration or forfeiture of the term ; and against a tenant at will, whose tenancy has been terminated as provided in sect. 2, of the same chapter, which is by thirty days' notice in writing for that purpose, given to the other party.   Section 4, of the same chapter provides, that "The process of forcible entry and detainer shall be commenced by inserting the substance of the complaint as a declaration, in a writ of attachment to be indorsed and served like other writs."

It is well settled that where a public statute is applicable to a case, it is sufficient that the pleading of the party who seeks to rely upon the statute shall set forth the facts which bring the case within it.   36 Cyclopedia of Law and Procedure, 1237 ; *Peru* v. *Barrett*, 100 Maine, 213 ; 109 Am. St. Rep. 494 ; 70 L. R. A. 567.

Again, it is not necessary in a civil action to set out the statute or to make any reference to it in the declaration, but the case must be brought within its provisions by alleging the requisite facts. *Peru* v. *Barrett*, supra.   It is equally well settled that all statutes authorizing summary proceedings must be strictly construed, and strict conformity to the statute, in the exercise of the jurisdiction it confers, is essential to the regularity and validity of the proceeding. 36 Cyc. of Law and Procedure, 1189 ; *Woodman* v. *Ranger*, 30 Maine, 180.

It is not denied that forcible entry and detainer was the proper form of action, inasmuch as the defendant was a tenant at will whose tenancy had been terminated by alienation by the landlord for a term of years.   *Seavey* v. *Cloudman*, 90 Maine, 540 ; *Howard* v. *Merriam*, 5 Cushing, 563.

R. S., chap. 96, sections 1 and 2, authorizes the action of forcible entry and detainer.   Section 4, prescribes that the action "shall be commenced by inserting the substance of the complaint as a declaration, in a writ of attachment to be indorsed and served like other writs."   The plaintiff resorted to the process of forcible entry

and detainer, and having done so, he must, "insert the substance of the complaint as a declaration, in a writ of attachment;" in other words, he must state a case within the terms of the statute. The agreed statement of facts discloses that the complaint or cause of action was that the defendant was a tenant at will whose tenancy had been terminated by the alienation of the premises by the landlord for a term of years. It further appears that the plaintiff proceeded upon the theory that the defendant was a disseizor, within the meaning of R. S., chap. 96, sect. 1, but he does not so state in his declaration; nor does he allege in substance any complaint or cause of action within the meaning of the statutes as interpreted by this court since the creation of the remedy of forcible entry and detainer.

A complaint for forcible entry and detainer must disclose enough upon its face to give the court jurisdiction without resort to parol testimony. *Treat et als.* v. *Bent,* 51 Maine, 478.

In the recent case of *Eveleth* v. *Gill,* 97 Maine, 315, the plaintiff proceeded under section 1 of chap. 17, R. S. (the Nuisance Act). The declaration, so far as it relates to the "substance of the complaint," is identical with the case at bar. The evidence adduced was that on the day named, (the day of the alleged termination of the tenancy) the defendant was using the building or tenement, or some part thereof, for one of the purposes forbidden by the Act above mentioned. The declaration in that case, like the case at bar, contained no specific allegation or complaint against the defendant as contemplated by the statute, except that "his estate was determined" on a certain day. Among other things the court held, that, "granting her (the plaintiff's) contention as to her rights under section 3, chap. 17, we think it clear that in resorting to the legal process, authorized only by the statute, she must state, as well as prove, a case within the terms of the statute, and this she has not done. . . . "it follows that under the general law of pleading, the plaintiff in such a process should allege in his declaration the facts declared by the statute to be an occasion where the process may be used." Thus it was said by this court in *Treat* v. *Bent,* 51 Maine, 478,—"this process of forcible entry and detainer is one created and regulated by the statutes, and, in order to be

maintained, must come clearly within their provisions. . . . In that case the process was quashed because it did not "disclose enough upon its face to give the court jurisdiction," and finally, and controlling in the case at bar; "the statutory case should be fully and clearly stated. Want of allegations necessary to show a case within the terms of the statute'are as fatal as want of evidence in such a case."

It is unnecessary to consider the question of variance. There was not a case stated within the terms of the statute, and the entry must be,

*Exceptions sustained.*