Sullivan,
June 24, 1926. }

## John T. O'Dowd v. Louis Heller.

A notice to quit, given by a landlord to his tenant, which does not correctly name the date on which the tenancy is to terminate, will not operate to terminate it at any time.

In trespass for an unlawful eviction of a tenant by his landlord, all facts bearing on the condition of the premises and the business ordinarily transacted on them at that period of the year are relevant on the question of damages as tending to show the value of the premises to the plaintiff during the period for which he was unlawfully deprived of their possession. And so of estimated profits.

A statement by one party in the presence of the other, if relevant, is admissible.

It is no objection to evidence that it proves an inoperative agreement when offered not to prove that agreement but something else.

A general exception to the admission of evidence must be overruled if the evidence was competent for any purpose.

Whether evidence should be excluded as tending to excite undue prejudice against one of the parties and whether counsel should be permitted to ask leading questions, are questions for the discretion of the trial court.

Exceptions should be taken to the allowance of argument, rather than to the argument itself.

The trial court has authority to waive the rule requiring that requests for instructions to the jury be presented in writing; but oral requests must be definite and intelligible in order to be considered in the supreme court.

The court is not bound to instruct the jury upon an abstract proposition.

Assumpsit, with a count in Trespass *quare clausum*, to recover damages for breaking and entering the plaintiff's poolroom and bowling alley in Claremont, and for injuring the plaintiff's business. The defendant, who had rented the premises to the plaintiff under an oral arrangement, filed a plea in recoupment alleging that the plaintiff had failed to fulfill his agreement to keep the premises in proper repair.

On October 17, 1923, the plaintiff received a letter from the defendant requiring him to vacate November 15, 1923. The alleged trespass occurred on the night of November 15, when the defendant entered and took possession of the premises against the plaintiff's protest. Another notice to quit was served on the plaintiff December 10.

Several questions were submitted to the jury, who found that the tenancy was not terminated by agreement, that the defendant was not entitled to damages under his plea in recoupment, and that

the value to the plaintiff of the right to occupy the premises from November 15, 1923, to January 11, 1924, was $1000.

The exceptions relate to the admission of evidence, to the refusal of the court to grant an oral request for instructions, and to the denial of the defendant's motions for a nonsuit and a directed verdict. Exceptions were also taken to the argument of plaintiff's counsel. A bill of exceptions was allowed by *Doe*, J.

Further facts are stated in the opinion.

*Barton & Shulins* and *Francis W. Johnston* (*Mr. Johnston* orally), for the plaintiff.

*Henry N. Hurd, Murchie & Murchie* (*Mr. Alexander Murchie* and *Mr. Hurd* orally), for the defendant.

MARBLE, J. Although the plaintiff was merely a tenant at will (*Weeks* v. *Sly*, 61 N. H. 89, 90; P. S., c. 137, s. 12; P. L., c. 213, s. 15), his rent was not in arrears, and he was therefore entitled to thirty days' notice before his tenancy could be terminated. P. S., c. 246, s. 3 (P. L., c. 357, s. 3). Even assuming that the notice was legally served, he could not have been compelled to vacate on the day named in the notice, for the full statutory period had not then elapsed.

The defendant concedes that this is so, but contends that the damages are inconsequential because the tenancy expired thirty days after the plaintiff received the notice, irrespective of the date therein specified.

The cases which adopt this view (35 C. J. 1132) are based upon statutes which do not provide that the notice shall state the particular day on which the tenant must quit possession. But that is a specific requirement of the statute here involved. P. S., c. 246, s. 2 (P. L., c. 357, s. 2).

Under this and similar statutes a notice which does not correctly name the date on which the tenancy is to terminate will not operate to terminate it at any other time. "For that purpose a new notice must be given." *Gilbert* v. *Gerrity*, 108 Me. 258, 262; *Sanford* v. *Harvey*, 11 Cush. 93; *Currier* v. *Barker*, 2 Gray 224; *Hultain* v. *Munigle*, 6 Allen 220 *Boynton* v. *Bodwell*, 113 Mass. 531.

"No one is obliged to regard a notice which fixes a day for the termination of a lease different from that on which a lease can be by law made to terminate. Such a notice, being one that neither

party had a right to give, is treated as a nullity." *Sanford* v. *Harvey, supra.*

In *Currier* v. *Perley,* 24 N. H. 219, 224, *Bell,* J., in quoting the statute, italicizes the words "*at a day named therein,*" and says (*p.* 225): "The tenancy continues, whatever either party alone may do, until the notice to quit is given and the day specified in the notice has arrived." See also *Leavitt* v. *Leavitt,* 47 N. H. 329, 341.

In view of the language above quoted and the subsequent re-enactments of the statute, the law on the subject cannot be in doubt.

In *Pickard* v. *Perley,* 45 N. H. 188, it was held that where an attorney in giving a notice to quit assumed to act for three lessors, but had in fact no authority from one of them, a subsequent ratification did not render the notice effectual, and that until it was made effectual the tenant might disregard it. On the facts found, the notice to vacate November 15 was likewise ineffectual, and the plaintiff's tenancy did not expire till January 11, which was thirty days after service of the second notice. The motions for a nonsuit and a directed verdict were properly denied.

No exception was taken to the charge. On the issue of damages the court instructed the jury as follows: "There has been considerable evidence introduced here regarding the expense of Mr. O'Dowd for repairs, fuel, supplies, etc., during his occupancy of the premises. He is not entitled to recover in this action any of these expenses or for any of such property. . . . The only purpose of all this evidence regarding expense and supplies is to enable you to judge as to the condition of his business and of the probable value of the possession of the premises to him at the time Mr. Heller took possession. What were his business prospects at that time? Were the premises in such shape that business would be directed his way, and was he so equipped that he could handle with profit all the business that came?"

The general exception to the admission of the evidence referred to is overruled. This evidence was clearly admissible for the purpose stated, and it will not be presumed that the jury considered it for any other purpose. *Lawrence* v. *Towle,* 59 N. H. 28, 31.

The same is true of the plaintiff's testimony that the defendant assured him that he might occupy the premises during the winter. The defendant excepted to the admission of this evidence on the ground that it raised an issue of damages not included in the declara-

tion. But the evidence was offered simply "as showing and explaining the conduct of Mr. O'Dowd in preparing for the winter." With its use thus limited, it was properly received.

The value to the plaintiff of the right to occupy the premises to January 11 was one of the questions in controversy. Obviously, all facts bearing on the condition of the premises and the amount of business ordinarily transacted during that period of the year were relevant. Testimony that a bowling league had made arrangements to use the plaintiff's bowling alleys furnished a definite basis for computing the plaintiff's loss and was therefore unobjectionable. *Salinger* v. *Salinger*, 69 N. H. 587, 591. The plaintiff's estimate of the profits he would have made was admissible for the same reason.

One of the questions submitted to the jury was whether or not the tenancy was terminated by agreement. Evidence that the plaintiff, after receiving the notice to quit, "pleaded" with the defendant and told him that he and his wife had been sick, and the fact that the plaintiff on November 15 sent the defendant a check for rent for the ensuing month were circumstances which the jury might rightfully consider on this issue. The defendant claimed that the plaintiff voluntarily surrendered possession at the time of the alleged trespass. The plaintiff's statement that he was "practically all in" and that "it was cold in there" tended to explain his conduct on that occasion. Whether the evidence should have been excluded as also tending to excite undue prejudice against the defendant was a question for the trial court. *State* v. *Braley*, 81 N. H. 323; *Spilene* v. *Company*, 79 N. H. 326, 330; *Pope* v. *Railroad*, 79 N. H. 52.

The directions which the plaintiff gave by telephone to his assistant, who was present with the defendant in the poolroom, plainly indicated that the plaintiff was insisting on his legal rights. No valid reason for the exclusion of this evidence has been suggested.

It was within the discretion of the presiding justice to permit counsel to ask a leading question. *Hunt* v. *Haven*, 56 N. H. 87, 104; *Morrison* v. *Noone*, 78 N. H. 338, 340, and cases cited.

In his plea in recoupment the defendant claimed "that the plaintiff agreed when he entered to keep the alleys, tables, equipment, and premises in a suitable and proper condition of repair." Since the defendant relied upon the terms of the original parol letting to prove this agreement, the plaintiff, in order to establish his defence under the plea, was entitled to testify to his understanding of those terms, even though this involved a statement that he had rented

the premises for three years. "It is no objection to evidence that it proves an inoperative agreement, when it is offered or admitted not to prove that agreement, but to prove something else." *Norris* v. *Morrill*, 40 N. H. 395, 401.

The date on which the notice to quit was posted and the date on which it was received were issues in the case. These dates were found to be October 16 and October 17, respectively. The defendant's son first testified that he mailed the notice on October 15, and later that he mailed it on the night of October 14. The plaintiff's wife testified that she took it from the postoffice October 17, and that on October 16 there was no mail in their box. Although this evidence alone warranted a finding that the notice was not posted on or before October 15 (*Wilson* v. *Insurance Company*, 77 N. H. 344, 346), the jury were entitled to consider on that issue the further testimony of the witness that the defendant accepted rent from her on October 15 and made no mention of the notice at that time.

The defendant relies on three exceptions to the argument of plaintiff's counsel. The statements objected to appear to be fully justified by the evidence. But even if they were not, no question of law would be presented, since "exceptions should be taken to the allowance of argument rather than to the argument itself." *Willette* v. *Whitney*, ante, 209; *Tuttle* v. *Dodge*, 80 N. H. 304, 312; *State* v. *Ketchen*, 80 N. H. 112, 114.

The defendant also excepted to the refusal of the court to grant a so-called request for instructions. Rule 52, 78 N. H. 697, impliedly provides that all requests for instructions shall be in writing, and while presiding judges have authority to waive the rule, oral requests must be definite and intelligible before they can be considered here. No written request was handed to the court in compliance with the rule, but during a discussion as to whether or not the check mailed by the plaintiff to the defendant in payment of rent to December 15 was a valid tender, counsel for the defendant said: "We are raising the point of law that it was n't a payment of (*sic*) tender, and request an instruction as to that effect." Later an exception to the denial of this request was allowed.

The check in question was retained by the defendant for some months. It was offered in evidence merely as tending to prove that the tenancy was not terminated by agreement. Even assuming that the defendant had made a definite written request to charge that the mailing of the check was not a legal tender, the refusal of that request would raise no question of law. A general verdict

was not rendered.    No issue involving the validity of the tender was tried, and the court was not bound to instruct the jury upon an abstract proposition.    *Hersey* v. *Hutchins,* 70 N. H. 130; *Woodman* v. *Northwood,* 67 N. H. 307, 309.

In accordance with the stipulation made during oral argument, the order is

*Judgment for the plaintiff for $1000.*

All concurred.