GLADYS H. MURPHY et al., Appellees, v. ODES HILTON, Appellant.

No. 44103.

OCTOBER 19, 1937.

Clem & Miller, for appellant.

J. P. Shoup, for appellees.

RICHARDS, J.—In their petition plaintiffs allege that they orally leased certain premises to defendant in May, 1934, and that defendant entered into possession under said lease and has retained possession to the date of the filing of the petition. Plaintiffs further allege that on January 13, 1937, plaintiffs gave defendant notice terminating the lease of defendant 30 days from the date of such notice. They further allege that on February 13, 1937, plaintiffs served on defendant a notice and demand to surrender to plaintiffs the possession of said premises within three days from the service of said notice. The

petition was filed on February 17, 1937, and demands judgment against defendant removing him from the premises and that plaintiffs be put in possession thereof and that execution for defendant's removal issue and that plaintiffs have judgment and execution for costs.

Defendant demurred to the petition. The substance of the grounds of the demurrer is that the petition shows on its face that plaintiffs did not give defendant 30 days' notice of termination of his tenancy at will prior to the commencement of the action.

Attached to the petition is a copy of the notice alleged to have been given defendant on January 13, 1937. It notifies defendant to surrender possession of the premises "within thirty days from the date of this notice." At the conclusion of the notice appears the following: "Dated this 12th day of January, 1937." Defendant says that it is obvious that 30 days from such date of the notice would be only 29 days from the giving of notice, and that consequently plaintiffs gave defendant a 29 days' notice to surrender possession of the premises, and not a 30 days' notice. Therefrom defendant's conclusion is that his tenancy at will has not been terminated because of the provision of section 10159, Code 1935, which provides that 30 days' notice in writing must be given by either party before he can terminate a tenancy at will. The court overruled the demurrer and defendant has appealed.

Section 10159 is unequivocal in language. It provides that 30 days' notice in writing must be given by either party before he can terminate a tenancy at will. In our opinion the notice given by plaintiffs on January 13, 1937, did not terminate defendant's tenancy at will for lack of compliance with this statute. The notice was not that defendant surrender possession within 30 days from the giving or service of the notice. In unambiguous terms defendant was notified to surrender the possession within 30 days from the date of the notice. The notice was definitely dated as of the 12th day of January, 1937. There seems no room for imputing to the notice any meaning other than that urged by defendant. It follows that a 30 days' notice in writing was not given and that plaintiffs had not terminated defendant's tenancy at will prior to the commencement of this action. To hold otherwise would introduce indefiniteness in the procedure under section 10159, where the realization of definite-

ness and certainty was the evident intention of the legislature, as a matter of public concern.

We think our conclusion finds support in the following cases from other jurisdictions: Eastman v. Vetter, 57 Minn. 164, 58 N. W. 989; Byrne v. Bearden, 27 Ga. App. 149, 107 S. E. 782; O'Dowd v. Heller, 82 N. H. 387, 134 Atl. 344; Gilbert v. Gerrity, 108 Me. 258, 80 Atl. 704. Appellees cite Hogsett v. Ellis, 17 Mich. 351; People v. Schackno, 48 Barbour (N. Y.) 551; Burns v. Bryant, 31 N. Y. 453; Chamberlin v. Brown, 2 Douglass (Mich.) 120, note; but we are unable to follow appellees' authorities so far as they are inconsistent with the conclusion we are constrained to adopt in view of the terms of the Iowa statute. We think it unnecessary to discuss the distinctions between our laws and those construed in the cited cases.

Defendant's demurrer should have been sustained. The case is reversed and remanded for proceedings in conformity herewith.—Reversed and remanded.

HAMILTON, C. J., and STIGER, PARSONS, KINTZINGER, SAGER, and DONEGAN, JJ., concur.