WELTER, Appellant, v. SAUK COUNTY CLERK OF COURT
and others, Respondents.

*No. 176. Argued November 2, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 852.)

The cause was submitted for the appellant on the brief of *William J. Welter* of Waupun, pro se, and *Craig E. Miller* of Madison of counsel, and for the respondents on the brief of *A. William Johnson*, district attorney of Sauk county.

ROBERT W. HANSEN, J. The denial of appellant's motion for return of items seized by the state in connection with the 1961 murder and attempted murder is affirmed.

*Seizure.* A principal contention of appellant is that the property involved was illegally seized and, therefore, must be returned to him, pursuant to sec. 963.025, Stats. 1967, providing for the return of illegally seized properties.[1] The contention fails. Where a defendant is convicted of the commission of a crime, particularly where the conviction is reviewed upon appeal, the issue of the legality of the seizure is among the issues determined by the judgment of conviction and affirmance on appeal. As to the crimes here involved, the appellate review of the conviction clearly established the propriety of the seizure.[2] This court's affirmance of the conviction establishes that, shortly after the murder of a police officer, other officers having a description of the automobile being used by the murderers, observed such car and attempted to stop it. A shot was fired at the police from the car they attempted to stop. A chase ensued, which ended with the car being pursued crashing into

---

[1] *But see: State v. Voshart* (1968), 39 Wis. 2d 419, 159 N. W. 2d 1, holding that illegally seized contraband need not be returned.

[2] *State v. Nutley* (1964), 24 Wis. 2d 527, 129 N. W. 2d 155, certiorari denied, 380 U. S. 918, 85 Sup. Ct. 912, 13 L. Ed. 2d 803.

some parked cars and overturning. Most of the property seized was spilled out of the overturned car onto the crash scene. There was probable cause to stop the car, and the arrest was lawful.[3] Search incident to arrest for weapons and instruments of escape was lawful.[4] Articles in plain view may be seized.[5] As to all items involved, seizure was legal, and the legality of such seizure was established years ago.

*Statute.* It follows that sec. 963.025, Stats. 1967, does not apply and sec. 963.04, Stats. 1967, governs.[6]

This statute provides, as to the return of validly seized property:

"Property seized under a search warrant or validly seized without a warrant shall be safely kept . . . so long as necessary for the purpose of being produced as evidence on any trial. As soon as may be thereafter it shall be disposed of as follows, upon order of the court:
"(1) STOLEN PROPERTY. Stolen property shall be restored to the owner.
"(2) MONEY. Money shall be restored to the owner unless it was a part of a slot machine . . .
". . .
"(8) FIREARMS, EXPLOSIVES, ETC. Firearms, ammunition, explosives, bombs, infernal machines, and like devices, which have been used in the commission of crime, shall be shipped to and become the property of the state crime laboratory. . . .
"(9) ALL OTHER. Unless otherwise provided by law, all other property shall be disposed of in such manner as the court in its sound discretion shall direct, the in-

---

[3] *Kluck v. State* (1967), 37 Wis. 2d 378, 389, 155 N. W. 2d 26.

[4] *Ervin v. State* (1968), 41 Wis. 2d 194, 202–204, 163 N. W. 2d 207.

[5] *State v. Hebard* (1971), 50 Wis. 2d 408, 429, 430, 184 N. W. 2d 156.

[6] The statute in effect at the time of the seizure and at the time of the hearing on Welter's motion for return of the property. It has since been superseded by secs. 968.19, 968.20 (1) and (2), 968.25, Stats., effective July 1, 1970.

tention of this subsection being that useful articles be returned to their owners and other articles be destroyed or otherwise disposed of as the court may deem best."

*Time.* Appellant's brief argues that ". . . he has been incarcerated for over eight years and there are presently no charges pending against him in any jurisdiction . . . ." On this passing of time, plus the present absence of pending charges, the trial court was urged to hold, as a matter of law, that there was no longer any necessity for any of the items being produced as evidence on any trial. This the trial court refused to do, holding instead that "there is a possibility" of evidentiary matters being required in trial proceedings. We agree.

Twelve years after the conviction of an Ohio doctor on a charge of first-degree murder, he was successful in federal court proceedings seeking issuance of a writ of habeas corpus.[7] The result was that the state was ordered to release the defendant unless the charges were brought again.[8] Obviously, time is no absolute insurance against a conviction being set aside and a new trial ordered, even after time for appeal has expired and all rights of recourse to state tribunals have been exhausted. For as long as the sentence is in effect, the possibility exists of release on writ or an interpretation of constitutional law with retroactive application.[9] The trial court holding that there is a possibility of a new trial being ordered is not unreasonable.

---

[7] *Sheppard v. Maxwell* (1966), 384 U. S. 333, 86 Sup. Ct. 1507, 16 L. Ed. 2d 600.

[8] *Id.* at page 363.

[9] *See: Roberts v. Russell* (1968), 392 U. S. 293, 88 Sup. Ct. 1921, 20 L. Ed. 2d 1100, applying retroactively to a state court conviction *Bruton v. United States* (1968), 391 U. S. 123, 88 Sup. Ct. 1620, 20 L. Ed. 2d 476, holding defendant's confession which implicates codefendant inadmissible.

*Burden of proof.* Additionally, appellant contends that
". . . even accepting the trial court's position he is en-
titled to the return of property not related or involved
in the criminal action." On the record here, this is a
claim that the mere filing of the petition places a burden
of proof upon the state or a responsibility upon the trial
court to establish whether each of the more than 200
items involved has possible usefulness as evidence upon
retrial of the murder and attempted murder case. Ap-
pellant sought the return of all items listed, including
the fired bullet from the gun which figured in the killing
and shooting. No differentiation is made, or even sug-
gested, between items introduced into evidence at the
trial, items arguably introducible upon retrial or items
now, without listing, referred to as "not related or in-
volved" to the crimes committed.

On this point, it is to be noted that the trial court did
not base denial of appellant's motion upon an exercise
of discretion under sec. 963.04, Stats. 1967. It denied
recovery to appellant because he ". . . has not estab-
lished that he is entitled to the return. . . ."

The trial court properly held that the appellant had
not sustained his burden of proof in even claiming, much
less establishing, that some, among the more than 200
items, were without evidentiary value in a retrial of the
murder and attempted murder case. The court had be-
fore it no record of proceedings in the original trial. In
fact, it had before it no particularization of the claim
that some items were without evidentiary value, and in-
sufficient evidence on which to rule, item by item, on the
fact of evidentiary usefulness.

The general rule has been stated to be: "[O]n the
hearing the burden rests with the moving party to sup-
port his motion by proof." [10] (Sec. 968.20, superseding
sec. 963.04, Stats. 1967, clarifies, but does not change,

---

[10] 60 C. J. S., *Motions and Orders*, pp. 48, 49, sec. 37 (5).

the statute in this regard by providing that the claimant must prove possession.) The burden of proof upon petitioner was, at the least, the responsibility to identify items which he claimed to be without evidentiary value, and his reason or basis for so claiming.

*Money.* The appellant argues that, as to money seized, it must be found to be without evidentiary value and, as sec. 963.04, Stats. 1967, provides, "restored to the owner." Marked bills or currency of particular denominations might well have evidentiary value, but appellant's claim to return of the $378 fails for a reason unrelated to its relatedness to future retrial. Here appellant contends the $378 was used to, in small part, defray or contribute to the costs of providing legal counsel to him as an indigent defendant at the time of trial. Sauk county concedes the $378 was paid to counsel appointed to represent the defendant at the trial. The argument is that money of the defendant could be used for this purpose only if the state followed the procedure statutorily outlined for recovery by a county of fees paid for indigent defendants.[11] As to funds of the defendant in the possession of the state at the time a defendant seeks and secures the appointment of counsel at public expense, we do not see the statute as applying. To qualify as indigent or without funds, the defendant must divest himself of the money in the possession of the state belonging to him. The shortcut of applying such funds to the payment of his counsel fees in order to qualify him for the right to have the balance, here considerable, paid by the taxpayers appears to be a direct route entirely in the interest of the defendant. From his standpoint, it removed immediately an obstacle to his qualifying as an indigent entitled to have the public pay for his legal counsel. From any standpoint, it constituted a payment to his

[11] Sec. 256.66, Stats.

attorney on his behalf. He cannot now receive the $378 because he has already received it.

On all points raised, the order of the trial court is upheld.

*By the Court.*—Order affirmed.

BEILFUSS, J., took no part.