**Joseph E. BRENNAN, Attorney General**

v.

**Bert O. JOHNSON.**

Supreme Judicial Court of Maine.

Sept. 22, 1978.

Steven F. Wright (orally), Leon V. Walker, Jr., Asst. Attys. Gen., Augusta, for plaintiff.

T. R. Downing (orally), Student Atty., Judy R. Potter, Supervising Atty., Cumberland Legal Aid Clinic, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In July, 1977, Attorney General Joseph E. Brennan filed a complaint in the court below seeking an order that the Appellant, Bert O. Johnson, show cause why he should not be barred from operating a motor vehicle on the highways of this state, pursuant to the provisions of Maine's statutes relating to habitual offenders of motor vehicle laws (29 M.R.S.A. § 2271 *et seq.*). He asserted that the Appellant had been convicted in 1973 of leaving the scene of an accident (29 M.R.S.A. § 891) and·that he had been twice convicted in 1976 of operating a motor vehicle after suspension of his operator's license (29 M.R.S.A. § 2241).

▇▇▇▇ At the hearing below[1] the Appellant did not challenge the facts of these three convictions but proposed instead to offer evidence in mitigation of each offense. The presiding justice excluded such evidence, ruling that under the statute the court could not go beyond the fact of convictions. From an order finding him to be a habitual offender, directing him to surrender his license and not to operate a motor vehicle on Maine highways until further order of court,[2] the Appellant brings this appeal.

---

1. No responsive pleading was required, and no pre-trial procedures were in order, because this was a summary proceeding as distinguished from a plenary civil action. *Central Republic Bank & Trust Co. v. Caldwell,* 58 F.2d 721, 731–732 (8th Cir. 1932). The very purpose of summary, rather than plenary, trials is to escape some or most of these procedures. *New Hampshire Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 406, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960). A summary proceeding can be less expensive and it can be swift. *Roussel v. State,* Me., 274 A.2d 909, 925 (1971).

A statute authorizing summary proceedings must be strictly construed, and it is essential to the regularity of the proceeding that there be complete conformity to that statute in the exercise of the jurisdiction it confers. *Karahalies v. Dukais,* 108 Me. 527, 530, 81 A. 1011 (1911); *Gilbert v. Gerrity,* 108 Me. 258, 260, 80 A. 704 (1911).

Because of the uncertainty of counsel at the hearing below, we observe that resort to a show cause order (as provided by the Legislature here) does not relieve a plaintiff of his initial burden of going forward with evidence nor of his ultimate burden of proof. The show cause order amounts to no more than notice. *Stair v. Meissel,* 207 Ind. 280, 192 N.E. 453, 455 (1934). The order requires the defendant to meet a *prima facie* case once it has been made out by the plaintiff. *Boyd v. Louisville & Jefferson County Planning & Zoning Comm'n.,* 313 Ky. 196, 230 S.W.2d 444, 446 (1949). The question presented upon the hearing is whether the defendant has so met that case that the plaintiff has failed to sustain the burden resting on him. *Stair v. Meissel,* 207 Ind. 280, 192 N.E. 453, 456 (1934); *In Re Gilhuly,* 124 Conn. 271, 199 A. 436, 440 (1938); *Welter v. Sauk County Clerk of Court,* 53 Wis.2d 178, 191 N.W.2d 852, 855 (1971).

2. 29 M.R.S.A. § 2276 provides in pertinent part as follows:

1. The court in which such complaint is filed shall enter an order, which incorporates the transcript or abstract and is directed to the person named therein, to show cause why he should not be barred from operating a motor vehicle on the highways of this State. . . .

2. If the court finds that such person is not the same person named in the transcript or abstract, or that he is not an habitual offender under this chapter, the proceeding shall be dismissed, but if the court finds that such person is the same person named in the transcript or abstract and that such person is an habitual offender, the court shall so find and by appropriate order direct such person not to operate a motor vehicle on the highways of the State of Maine and to surrender to the court all licenses

We deny the appeal.

The Appellant initially contends that while three convictions of such motor vehicle violations are a condition precedent to being adjudged a habitual offender, the court nevertheless may, in its discretion, conclude that the individual so convicted is not a habitual offender because of the circumstances of the particular cases. Such a construction would be inconsistent with the policy expressly set forth in this statute:

It is declared to be the public policy of Maine:

1.  Safety. To provide maximum safety for all persons who travel or otherwise use the public highways of the State; and

2.  Privileges denied. To deny privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the State of Maine and for the orders of Maine courts and administrative agencies; and

3.  Discourage repetition. To discourage repeated violations by individuals and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who repeatedly violate traffic laws. 29 M.R. S.A. § 2271.

█ The Appellant contends that the use of the word "conduct" in subsection 2, *supra,* denotes a legislative intent that at each show cause hearing thereunder the court review the "conduct" of the particular respondent which resulted in his several convictions to ascertain whether those specific offenses "demonstrated [his] indifference for the safety and welfare of others and [his] disrespect for the laws of the State of Maine . . . ."

The plain language of the statute refutes that argument. A precise definition of a habitual offender is set forth as follows:

An habitual offender shall be any person, resident or non-resident, whose record, as maintained in the office of the Secretary of State, shows that such person has accumulated the convictions or adjudications for separate and distinct offenses described in subsections 1, 2 and 3, committed within a 5-year period . . . . 29 M.R.S.A. § 2272.

The word "conduct" is used only in the declaration of policy quoted from the statute above, and then it is employed in conjunction with the word "record."

█ To determine legislative intent consideration must be given to the whole statutory system of which the section at issue forms a part, and all legislation on the same subject matter must be viewed in its entirety so that a harmonious result may be reached. *Finks v. Maine State Highway Commission,* Me., 328 A.2d 791, 795 (1974); *In Re Belgrade Shores, Inc.,* Me., 359 A.2d 59, 61 (1976).

█ The plain language of this statute indicates that the legislature intended to establish an expeditious procedure for removing from the State's highways motor vehicle operators repeatedly guilty of certain violations of law. We conclude that this statute, in its entirety, cannot be construed to permit a review of the circumstances attendant upon those violations.

In the alternative, the Appellant contends that a construction of the statute which prevents the court from hearing mitigating evidence is violative of due process.

█ The State must observe procedural due process whenever it moves to deprive a person of his motor vehicle operator's license. *Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). However, habitual offender statutes have been found to be constitutionally sound so long as certain safeguards are maintained. *See Dixon v. Love,* 431 U.S. 105, 112–116, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). Under our Maine statute, suspension or revocation

or permits to operate a motor vehicle on the highways of this State. The clerk of the court shall file with the Secretary of State a copy of

such order which shall become a part of the permanent records of the Secretary of State.

of one's operator's license follows, and does not occur prior to, a judicial hearing.

The hearing in the court below was adequate to avoid the risk of erroneous deprivation by determining whether this Appellant is the individual who was convicted of the specified motor vehicle offenses, and whether the offenses underlying these convictions were embraced by this statute.

Accordingly, we conclude that the statute here challenged is not violative of due process.

The entry, therefore, must be:

Appeal denied.

Judgment affirmed.