**STATE of Maine**

*v.*

**Howard J. CURRY.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1980.

Decided Oct. 14, 1980.

Raymond F. Ritchie, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

William Gore, Dunlap, Wood & O'Brien, Mark Dunlap (orally), Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

Following a jury trial in Superior Court, Cumberland County, Howard Curry was convicted of criminal nonsupport, in violation of 17–A M.R.S.A. § 552, and was sentenced to six months in the county jail. On appeal the defendant challenges the sufficiency of the evidence to support the conviction, the court's jury instructions, and the court's refusal to give defendant's proposed instructions. We reject his suggested interpretation of section 552 and affirm the judgment.

Mr. Curry was divorced in 1974. The divorce judgment incorporated a settlement agreement providing that Mrs. Curry obtain custody of their son and that the defendant pay his ex–wife twenty dollars each week for child support. He has since made no payments.

During the nine–month period at issue under the complaint, Curry worked for a small company in Portland making and installing signs. Although he earned five dollars an hour and lived rent free at the company's shop, he averaged only about twenty hours a week of work. Curry, who was twenty–four years old and physically able, did not seek additional work. He testified that he liked his job and saw no reason to look elsewhere.

We address first the question of the sufficiency of the evidence to support the conviction under 17–A M.R.S.A. § 552. The first paragraph of that statute provides:

1. A person is guilty of nonsupport of dependents if he knowingly fails to provide support which he is able by means of property or capacity for labor to provide and which he knows he is legally obliged to provide to a spouse, child or other person declared by law to be his dependent.

Focusing on the statute's qualification that the individual be able to provide support, the defendant suggests that his support obligation was limited by the formula for installment payments after disclosure hearing under 14 M.R.S.A. § 3127. Curry then argues that the evidence failed to show that his earnings were sufficient to allow for any payment under that formula.

■ This analysis rests on a misinterpretation of both statutes. First, 14 M.R.S.A. § 3127 concerns court–ordered installment payments in satisfaction of civil judgments and has no bearing on court–ordered child support or on a criminal prosecution under 17–A M.R.S.A. § 552. Second, section 552 presents two tests for ability to provide support: property and capacity for labor. The defendant, however, focuses only on the first test, ignoring the second. The jury reasonably could find not only that Curry's average earnings were not so low as to excuse his complete failure to make any payments, but also that Curry was capable of working more than his twenty hours a week average to earn the necessary amounts.

■ The defendant's second basis for appeal concerns the last clause of section 552(1), requiring that the defendant know of his legal obligation of support. At trial, the defendant introduced evidence that the Department of Human Services had notified Curry of his obligation to reimburse the Department for his share of the child support payments it had made to his ex–wife. Consequently, at the close of trial, the court instructed the jury that knowledge of the obligation was proven if Curry knew that the payments demanded by the Department were reimbursement for the support of his child. On appeal, the defendant contends that this instruction was erroneous because his failure to pay the Department for its support of his dependent, rath-

er than failure to pay his ex–wife directly, does not fall within the statute. In fact, Curry requested an instruction to the effect that if Curry believed his obligation was to pay the Department, the jury must find him not guilty.

██ We are not persuaded by the defendant's reasoning. The party to whom the defendant must pay is irrelevant as long as the payment is for the support of a dependent. Here, the Department of Human Services stepped in and furnished the support that Curry, although obligated under the court order, failed to provide. The Department was then entitled to reimbursement from Curry under 19 M.R.S.A. § 495 (Supp.1980). These facts did not relieve Curry of his original obligation. We add that evidence of aid from the Department of Human Services is irrelevant in proving a violation of 17–A M.R.S.A. § 552 and would be prejudicial if introduced by the State rather than by the defendant.[1]

██ The defendant's final ground for appeal results from the Court's refusal to give another requested jury instruction. That denial, he contends, deprived Curry of a jury determination of whether he possessed the necessary culpable state of mind. Again, we find his interpretation of section 552 to be incorrect. The defendant requested an instruction that:

> The State must prove beyond a reasonable doubt that Howard Curry was practically certain that he was able to provide food, shelter, clothing and other necessary care to his son Jayson. If you believe Howard Curry thought that his earnings were insufficient to require him to make those payments you must find him not guilty of the offense charged.

This requested instruction raises the question of whether the state must prove a culpable state of mind with respect to all of the elements of the crime of nonsupport. Section 552 expressly requires proof of knowing failure to provide support and proof that the defendant knows he had a legal obligation to provide support. The statute does not, however, expressly require similar proof of knowledge on the part of the defendant that he has the ability to provide support. Our inquiry is governed by 17–A M.R.S.A. § 11(5), which states:

> If a statute defining a crime in this code does not expressly prescribe a culpable mental state with respect to some or all of the elements of the crime, a culpable mental state is nevertheless required, pursuant to subsections 1, 2, and 3, unless:
>
> A. The statute expressly provides that a person may be guilty of a crime without culpability as to those elements; or
>
> B. A legislative intent to impose liability without culpability as to those elements otherwise appears.

In the absence of any express provision, we must determine whether the legislature intended to impose criminal liability without proof that the defendant knows of his ability to provide support for the dependent.

The first indication of legislative intent we must look to is the statutory language itself, *Labbe v. Nissen Corp.*, Me., 404 A.2d 564, 567 (1979). Section 552(1) contains two separate dependent clauses modifying "support," the first specifying ability; the second, legal obligation. Only the second clause, by the insertion of "he knows," expressly requires a culpable state of mind. Because the two clauses are independent of each other, those additional words do not modify the requirement of ability to provide support in the previous clause. Furthermore, if the requirement of a culpable mental state applies to all the elements of section 552(1), the words "he knows" in the last clause would be surplusage. We should therefore avoid such an interpretation. *Id.* at 567.

We may also be guided by the overall statutory context, including other legislation on the same subject, *Brennan v. Johnson*, Me., 391 A.2d 337, 340 (1978). The

---

1. Of course, proof of payment to the Department would constitute a defense, but no such evidence was offered in this case. The record indicates that no payment was made to the Department.

pre–Code criminal nonsupport statute, 19 M.R.S.A. § 481, requires that the failure to provide support and maintenance be willful, but contains no similar qualification on ability to provide support. In the absence of any expression to the contrary, and with the adoption of substantially the same language, we may infer a legislative intent to keep the same test for ability in section 552. *See State v. Porter,* Me., 384 A.2d 429, 434 (1978).

Additionally, recognizing that the legislature has created in title 19 a duty to support dependents, we cannot ignore the practical difficulties in criminally enforcing that obligation that would result from our imposing a subjective test on the ability to provide support. *See State v. Philbrick,* Me., 402 A.2d 59, 62 (1979). We note in the present case that the defendant's requested instruction, raising as a defense his belief that his earnings were insufficient, misstates the law because it ignores the second measure, capacity for labor, for determining ability. That such a misinterpretation of the statute could be raised as a defense illustrates the ease with which the statutory plan could be circumvented.

In light of these considerations, we conclude that, although under 17–A M.R.S.A. § 552 the state must prove knowledge of the legal obligation of support and a knowing failure to provide support, it must show only that the defendant was able in fact to meet that obligation. Because the defendant's second requested jury instruction required more than that, it was properly denied.

The entry is:

Judgment of conviction affirmed.

All concurring.