IN RE the RETURN OF PROPERTY IN: STATE of Wisconsin v. Leonard L. JONES:

Leonard L. JONES, Appellant-Petitioner,†

v.

STATE of Wisconsin, Respondent.

Supreme Court

*No. 97–3306. Oral argument January 7, 1999.—Decided June 3, 1999.*

(Also reported in 594 N.W.2d 738.)

†Motion for reconsideration denied September 29, 1999.

For the appellant-petitioner there were briefs by *Colleen D. Ball* and *Reinhart, Boerner, Van Deuren,*

*Norris & Rieselbach, S.C.*, Milwaukee and oral argument by *Colleen D. Ball*.

For the respondent there was a brief and oral argument by *Kenneth M. Farmer*, assistant district attorney.

¶ 1. JON P. WILCOX, J. Leonard L. Jones seeks review of an unpublished court of appeals decision[1] which affirmed the circuit court's order denying his request for return of $1,783 in cash which was seized, along with various drug paraphernalia under the Uniform Controlled Substance Act (UCSA),[2] during a search incident to his arrest for operating a motor vehicle while intoxicated (OWI). This case presents two issues for our review:

(1) If property is seized pursuant to a search that leads to a charge of a violation of the USCA, and the state has not initiated forfeiture proceedings, may an interested party seek return of the property under Wis. Stat. § 961.55. We conclude that the legislature intended that the return of property provision in § 961.55(3) can only be triggered by an unsuccessful forfeiture action brought by the state. In all other situations where the state has not initiated a forfeiture action, we conclude that a person claiming the right to property seized by the authorities is limited to the procedures set forth in Wis. Stat. § 968.20.

[1] *Jones v. State*, No. 97–3306, unpublished slip op. (Wis. Ct. App. Feb. 26, 1998), was decided by a one-judge panel pursuant to Wis. Stat. § 752.31(2)(g)(1995–96).

[2] The Uniform Controlled Substances Act is contained in ch. 961 of the Wisconsin Statutes. All statutory references are to the 1995–96 version unless otherwise noted.

(2) If the interested party brings an action for return of property under Wis. Stat. § 968.20, is cash considered "contraband" within the meaning of Wis. Stat. § 968.13(1), particularly when the charge arising out of the property seized during the search is ultimately dismissed? When the state has not instituted forfeiture proceedings and an interested party seeks return of seized property under § 968.20, we conclude that in order to retain the property, the state must establish that the property is either contraband or is needed as evidence in a case. For property alleged to be contraband, the state must establish a logical nexus between the seized property and illicit behavior on the part of the petitioning property owner. If the property is found to be contraband, then the property need not be returned whether criminal charges are ultimately filed or not. Even though the circuit court mistakenly placed the burden on the defendant to show whether the cash was or was not contraband, we conclude that based on the evidence of record, this error was harmless. Accordingly, we affirm.

## I.

¶ 2. The facts are undisputed. According to the testimony of Madison Police Officer Kevin Linsmeier, he received a report of a vehicle parked curbside on Moland Street with its engine running. At the scene, he found an individual, later identified as Jones, seated in the driver's seat and non-responsive. After repeated knocking on the window, Jones eventually rolled the window down, but would not exit the vehicle. Linsmeier testified that Jones' speech was slurred, he smelled of intoxicants, and his eyes appeared glassy and dilated. Linsmeier believed Jones was impaired and not free to leave, so he threatened to break the

window if Jones would not exit the vehicle. Jones chose to exit the vehicle; in the process, Linsmeier observed him lean on the vehicle to maintain his balance. Jones refused Linsmeier's request to submit to several field sobriety tests. Consequently, Linsmeier placed him under arrest for OWI.

¶ 3. Linsmeier then conducted a search of Jones and the vehicle incident to that arrest. Linsmeier uncovered $1,783 in cash on Jones[3] and he uncovered a small scale, six cigarette lighters, and three pieces of charred "Chore-boy" scouring pads within the vehicle.[4] According to Linsmeier, the "Chore-boy" is regularly used in a crack pipe for ingesting crack cocaine and a scale is a common tool that drug dealers use to measure their drugs for selling. Linsmeier indicated that he did not find any drugs, nor did he witness an actual drug transaction.

¶ 4. Linsmeier testified that based on his training and experience, he believed the money was drug-related. Linsmeier stated that crack cocaine is most often purchased as "a 20" with a $20 purchase price. He further indicated that the "wads" of cash found on

---

[3] Linsmeier found five separate "wads" of money, three in Jones' pants pocket and two in his fanny pack. Each wad consisted of evenly folded bills, all facing the same direction: three wads contained all $20 bills totaling $1,000, $180 and $60, respectively; another contained $414 in ones, fives, tens, twenties and one fifty; and one wad contained $129. When asked where the money came from, Jones responded that it was a "refund."

[4] The amended complaint also lists a "crack pipe" made out of a small liquor bottle and coated with a "black filmy residue" as being found in the vehicle. The "crack pipe," however, is not referenced anywhere else in the record nor was it mentioned during Linsmeier's testimony.

Jones are indicative of drug dealing: "a lot of people that deal drugs will have their money in one part of their body, drug money in other parts, and then a lot of them want to know like exactly how much is on them so they will have it in set amounts like the thousand dollars in $20 bill[s]." Linsmeier confiscated the cash and property found in the search.

¶ 5. Jones was subsequently charged in Madison Municipal Court with operating while under the influence of an intoxicant or controlled substance. The court apparently entered a default judgment against Jones for that charge.[5]

¶ 6. Jones was also charged in Dane County Circuit Court with possession of drug paraphernalia as a repeater in violation of Wis. Stat. §§ 961.573(1) and 939.62. Jones filed a handwritten motion for return of all money and property confiscated from him, and for dismissal of the drug paraphernalia charges on the grounds that Linsmeier lacked probable cause to conduct a search of the vehicle.

¶ 7. Based on the undisputed testimony of Linsmeier, Dane County Circuit Court Judge Jack F. Aulik denied the motion. After finding the arrest and search to be valid, the circuit court then addressed the seized money: "Whether or not [the money] constitutes contraband depends on a finding that it is property that is either used in the commission of a crime or is the result of the commission of a crime." The court noted that the items found in the vehicle (the scale), and on Jones (the Chore-boys), are generally used in either the use or distribution of cocaine. Because Jones offered

---

[5] Jones' municipal OWI conviction is not before this court on review. It is unclear from the record before us what transpired in municipal court other than the fact that the conviction was entered by default judgment.

nothing in support of his burden to prove the money was not contraband, the court concluded that it was contraband and subject to forfeiture under Wis. Stat. § 968.20.

¶ 8. In a July 2, 1997, order, the circuit court denied Jones' motion and ordered that the $1,783, which was found to be contraband, be forfeited to the School Fund when no longer needed as evidence. The drug charges were subsequently dismissed by the State because Jones had received a 12-year prison sentence on another pending case. Jones appealed the circuit court's order.

¶ 9. The court of appeals affirmed the circuit court's denial of Jones' motion. The court reasoned that the money was seized as a result of a search incident to arrest and under Wis. Stat. § 968.20, the property must be returned only if Jones established his right to possession and that it was not "contraband." The court looked to Wis. Stat. § 968.13(1) for the definition of contraband. Because those items listed in § 968.13(1) are related to the commission of a crime, and because the list is without limitation, the court determined that on this record, the $1,783 was so closely related to the commission of a crime that it may be considered contraband. Jones appeals.

II.

¶ 10. The first issue presented in this case, whether the state must always bring forfeiture proceedings under Wis. Stat. § 961.55 for property seized due to an alleged UCSA violation, or whether Wis. Stat. § 968.20 provides an alternative means for retaining property, requires that we interpret the statutes and their relationship. A question of statutory inter-

pretation is a question of law that we review independent of the circuit court and the court of appeals. *State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 538, 579 N.W.2d 678 (1998); *Morris v. Juneau County*, 219 Wis. 2d 544, 551, 579 N.W.2d 690 (1998). Our goal, in statutory interpretation, is to discern and to give effect to the intent of the legislature. *Cardenas-Hernandez*, 219 Wis. 2d at 538. To achieve this goal, we first look to the plain language of the statute. *Id.* If a statute is unambiguous, this court will apply the ordinary and accepted meaning of the language of the statute to the facts before it. *Id.*; *Swatek v. County of Dane*, 192 Wis. 2d 47, 57, 531 N.W.2d 45 (1995). If a statute does not clearly set forth the legislative intent, we then look to the scope, history, context, subject matter, and object of the statute. *Cardenas-Hernandez*, 219 Wis. 2d at 539; *Swatek*, 192 Wis. 2d at 58.

¶ 11. Wisconsin Stat. § 961.55(1)[6] provides that "money, directly or indirectly derived from or realized

[6] Wisconsin Stat. § 961.55 provides in relevant part:

**961.55 Forfeitures. (1)** The following are subject to forfeiture:

. . . .

(f) All property, real or personal, including money, directly or indirectly derived from or realized through the commission of any crime under this chapter.

(g) Any drug paraphernalia, as defined in s. 961.571, used in violation of this chapter.

**(2)** . . .Seizure without process may be made if:

(a) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant. . . .

**(3)** In the event of seizure under sub. (2), proceedings under sub. (4) shall be instituted promptly. All dispositions and forfeitures under this section and ss. 961.555 and 961.56 shall be made with due provision for the rights of innocent persons under sub. (1)(d)1., 2. and 4. Any property seized but not forfeited shall be returned to its rightful owner. Any person claiming the right to

through the commission of any crime" and any drug paraphernalia are subject to a state forfeiture action. Seizure without process may be made if the seizure is incident to arrest. § 961.55(2)(a). The statute further provides that any property seized but not forfeited shall be returned to its rightful owner, and any person claiming the right to possession of seized property may apply for its return to the circuit court for the county in which the property was seized. § 961.55(3).

¶ 12. Wisconsin Stat. § 968.20(1)[7] states that any person claiming the right to possession of property seized with or without a search warrant may apply for its return to the circuit court for the county in which the property was seized. If the right to possession is proved to the court's satisfaction, it shall order property, other than contraband, returned if it is not needed as evidence or all proceedings have been completed. *Id.*

possession of property seized may apply for its return to the circuit court for the county in which the property was seized. . . .

[7] Wisconsin Stat. § 968.20 provides:

**968.20 Return of property seized. (1)** Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search was returned. The court shall order such notice as it deems adequate to be given the district attorney and all persons who have or may have an interest in the property and shall hold a hearing to hear all claims to its true ownership. If the right to possession is proved to the court's satisfaction, it shall order the property, other than contraband or property covered under sub. (1m) [dangerous weapon] or (1r) [firearms] or s. 951.165 [animal fighting], returned if:

(a) The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or

(b) All proceedings in which it might be required have been completed.

¶ 13. Jones argues that because the statutes overlap—both Wis. Stat. §§ 961.55 and 968.20 involve property (criminal contraband) that is seized by the authorities with or without a search warrant—this court should hold that § 961.55, the more specific of the two is the appropriate means by which a property owner may apply for return of property seized for an alleged connection to the USCA.

¶ 14. It is a cardinal rule of statutory construction that where two *conflicting* statutes apply to the same subject, the more specific controls. *American Fed. of State, County & Mun. Employees Local 1901 v. Brown County*, 146 Wis. 2d 728, 735, 432 N.W.2d 571 (1988). However, the rule also states that "conflicts between different statutes, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed." *Moran v. Quality Aluminum Casting Co.*, 34 Wis. 2d 542, 553, 150 N.W.2d 137 (1967); *see also Raisanen v. City of Milwaukee*, 35 Wis. 2d 504, 516, 151 N.W.2d 129 (1967). The statutes must be construed in a manner that serves each statute's purpose. *State v. Szulczewski*, 216 Wis. 2d 495, 503, 574 N.W.2d 660 (1998).

¶ 15. Jones does not allege that the two statutes conflict. Rather, he seems to argue that both Wis. Stat. §§ 961.55(3) and 968.20(1) provide procedures for return of seized property and because he was charged with an alleged violation of the UCSA, he properly sought return under § 961.55(3).[8]

---

[8] Jones, who represented himself before the court of appeals, actually brought the motion under Wis. Stat. § 161.55(3), the predecessor to Wis. Stat. § 961.55(3). Section 161.55 was renumbered by 1995 Wis. Act 448, § 297. Before this

¶ 16. Reading Wis. Stat. § 961.55(3) alone seemingly directs such a result. However, when read in conjunction with Wis. Stat. § 968.20(1), it becomes unclear whether § 961.55(3) or § 968.20(1) is the proper return provision. Ambiguity in a statute can be created by the interaction of two separate statutes. *State v. Sweat*, 208 Wis. 2d 409, 417, 561 N.W.2d 695 (1997)(harmonizing Wis. Stat. §§ 973.20 and 939.74). Because we conclude that it is ambiguous which return of property statute should have been employed, we look to the scope, history, context, subject matter, and object of the statutes to discern the legislative intent. *Cardenas-Hernandez*, 219 Wis. 2d at 539. We believe the statutes can be read together.

¶ 17. The purpose of the forfeiture provisions of the UCSA is to deter drug trafficking by permitting confiscation and forfeiture of the means and mobility used to commit activities proscribed by the act. *State v. Fouse*, 120 Wis. 2d 471, 478, 355 N.W.2d 366 (Ct. App. 1984); *State v. S & S Meats, Inc.*, 92 Wis. 2d 64, 70, 284 N.W.2d 712 (Ct. App. 1979). In contrast, the return of property statute, Wis. Stat. § 968.20, established a simplified procedure for obtaining the return of property seized with or without a warrant that is neither contraband nor needed as evidence in a case. Judicial Council Committee Note, 1969, Wis. Stat. Ann. § 968.20 (West 1998); *State v. Benhoff*, 185 Wis. 2d 600, 603, 518 N.W.2d 307 (Ct. App. 1994).

¶ 18. While both provisions permit any person claiming the right to possession of property seized to apply for its return, we note a key difference between the two provisions. Under Wis. Stat. § 961.55(3), only property that is *"seized but not forfeited* shall be

court, Jones, who is now represented by counsel, has corrected the mistake.

returned to its rightful owner"; Wis. Stat. § 968.20 contains no such limitation. The provision for return under § 961.55(3) was enacted by § 1, ch. 267, Laws of 1981. According to the legislative history, the § 961.55(3) return provision was taken directly from § 968.20 with a few changes, including the above quoted language. Legislative Reference Bureau Analysis of 1981 Assembly Bill 606. Because the "seized but not forfeited" language was not contained in the original provision, § 968.20, it is reasonable to conclude that the legislature intended a different meaning by including it within the forfeiture provision, § 961.55(3).

¶ 19. We read the "seized but not forfeited" language of Wis. Stat. § 961.55(3) to mean that the return portion of sub. (3) is only triggered by an unsuccessful forfeiture action brought by the state. If the state decides, in its discretion, to initiate a forfeiture action, it has the burden of proving by the greater weight of the evidence that the property is subject to forfeiture under § 961.55. Wis. Stat. § 961.555(3).[9] If the state fails to meet its burden and the property is not forfeited, then the provision for return under § 961.55(3) is triggered allowing a person who believes the seized but not forfeited property belongs to him or her to apply for its return and to have a hearing on the matter. In those instances where the district attorney chooses not to initiate a forfeiture action, then a person claiming the right to possession of property seized by authorities may apply for its return under § 968.20(1). We believe that this is a reasonable construction of both the forfeiture provisions and the return of property statute; such

_____

[9] Wisconsin Stat. § 961.555(3) provides: "The state shall have the burden of satisfying or convincing to a reasonable certainty by the greater weight of the credible evidence that the property is subject to forfeiture under s. 961.55."

a construction provides meaning to both statutes and eliminates any potential conflict.

¶ 20. Our construction, which provides purpose to Wis. Stat. §§ 961.55 and 968.20, is further supported by the legislature's continued affirmation of both statutes. We presume that the legislature enacts laws with full knowledge of existing statutes. *Faber v. Musser*, 207 Wis. 2d 132, 138, 557 N.W.2d 808 (1997). When § 961.55 was enacted in 1971, the legislature did not modify, limit or eliminate § 968.20. *See* § 16, ch. 219, Laws of 1971. In subsequent terms, the legislature continued to amend both § 961.55 and § 968.20 as if they were compatible. *See e.g.*, 1997 Wis. Act 192, § 32 (§ 968.20); 1997 Wis. Act 248, §§ 778, 779 (§ 968.20); 1997 Wis. Act 220, §§ 8, 10 (§ 961.55). Clearly, § 961.55 and § 968.20 should be read to compliment rather than conflict with one another.

¶ 21. Jones provides an alternative construction which he insists provides meaning to both Wis. Stat. §§ 961.55 and 968.20. He argues that when property is seized in connection with a potential violation of the UCSA, the state is limited to the forfeiture and return of property procedures prescribed in Wis. Stat. ch. 961. This approach, he contends, provides protections for the rights of property owners and it renders meaning to Wis. Stat. § 968.20 which is available to claimants seeking return of property seized for evidence in cases not involving the UCSA.

¶ 22. Jones' interpretation fails to recognize that Wis. Stat. § 961.55 is not the only forfeiture statute contained in the Wisconsin criminal code. In 1981, the Wisconsin legislature created general forfeiture provisions, Wis. Stat. §§ 973.075 and 973.076.[10] According

---

[10] The two provisions on point, Wis. Stat. §§ 973.075 and 973.076, provide in part:

to the legislative history, the general forfeiture provisions allow for all property, including money, derived from or realized through the commission of any crime and any vehicle used to transport property or weapons used or to be used or received in the commission of a felony to be subject to forfeiture. Legislative Reference Bureau Analysis of 1981 Assembly Bill 606. The general forfeiture provisions apply to all crimes except those involving dangerous drugs. *Id.*; § 973.075(6). When the general forfeiture provisions were enacted, the forfeiture provisions relating to dangerous drug

---

**973.075. Forfeiture of property derived from crime and certain vehicles** (1) The following are subject to seizure and forfeiture under ss. 973.075 to 973.077:

(a) All property, real or personal, including money, directly or indirectly derived from or realized through the commission of any crime.

(b) [vehicles used in felonies.]

(c) All remote sensing equipment. . .and any other equipment or device used in the commission of a crime relating to a submerged cultural resource in violation of s. 44.47.

(d) A tank vessel. . . .

(5) All forfeitures under ss. 973.075 to 973.077 shall be made with due provision for the rights of innocent persons under sub. (1) (b)1 to 3 and (d). Any property seized but not forfeited shall be returned to its rightful owner. Any person claiming the right to possession of property seized may apply for its return to the circuit court for the county in which the property was seized. . . .

(6) Sections 973.075 to 973.077 do not apply to crimes committed under ch. 961.

**973.076. Forfeiture proceedings**

(1) TYPE OF ACTION; WHERE BROUGHT. In an action brought to cause the forfeiture of any property specified in s. 320.30(4)(a) or s. 973.075(1), the court may render a judgment in rem or against a party personally, or both. . . .

(2) COMMENCEMENT. (a) The district attorney of the county within which the property was seized or in which the defendant is convicted shall commence the forfeiture action within 30 days after the seizure of the property or the date of conviction, whichever is earlier. . . .

violations, § 961.55, were revised to include most of the provisions contained in the general forfeiture provisions. Legislative Reference Bureau Analysis of 1981 Assembly Bill 606.

¶ 23. An examination of the general forfeiture provisions and the drug forfeiture provisions reveals very few differences beyond the property subject to forfeiture under each. *Cf.* Wis. Stat. §§ 961.55(1) and 973.075(1) to §§ 961.555[11] and 973.076. The most notable similarities are the return provisions of § 961.55(3) and § 973.075(5) and the time limitations and procedures imposed on district attorneys under both § 961.555(2) and § 973.076(2). Although the general forfeiture provisions, § 973.075 and § 973.076, are not

---

[11] Wisconsin Stat. § 961.555 provides in part:

**961.555 Forfeiture proceedings. (1)** TYPE OF ACTION; WHERE BROUGHT. In an action brought to cause the forfeiture of any property seized under s. 961.55, the court may render a judgment in rem or against a party personally, or both. The circuit court for the county in which the property was seized shall have jurisdiction over any proceedings regarding the property when the action is commenced in state court. Any property seized may be the subject of a federal forfeiture action.

**(2)** COMMENCEMENT. (a) The district attorney of the county within which the property was seized shall commence the forfeiture action within 30 days after the seizure of the property, except that the defendant may request that the forfeiture proceedings be adjourned until after adjudication of any charge concerning the crime which was the basis for the seizure of the property. The request shall be granted. The forfeiture action shall be commenced by filing a summons, complaint and affidavit of the person who seized the property with the clerk of circuit court, provided service of authenticated copies of those papers is made in accordance with ch. 801 within 60 days after filing upon the person from whom the property was seized and upon any person known to have a bona fide perfected security interest in the property.

(b) Upon service of an answer, the action shall be set for hearing within 60 days of the service of the answer but may be continued for cause of upon stipulation of the parties. . . .

at issue in this case, to adopt Jones' position would effectively require that the state bring a forfeiture action for all property derived from the commission of any crime, drug related or otherwise. Under such a scheme, Wis. Stat. § 968.20 would be superfluous. We cannot conclude that the legislature intended such a result. *Wisconsin Elec. Power Co. v. Public Serv. Comm'n*, 110 Wis. 2d 530, 534, 329 N.W.2d 178 (1983).

¶ 24. We are also unpersuaded by Jones' argument that the requirements of Wis. Stat. §§ 961.55 and 961.555 are mandatory and jurisdictional as stated in *State v. Rosen*, 72 Wis. 2d 200, 208–09, 240 N.W.2d 168 (1976). In *Rosen*, the defendant was served with documents commencing a forfeiture action of a vehicle that belonged to him and which had been seized by police. *Id.* at 203. The forfeiture hearing was not scheduled within the time limits; thus, the circuit court dismissed the action. *Id.* This court affirmed, concluding that Wis. Stat. § 161.555(2)(b) (1973), the predecessor to Wis. Stat. § 961.555, was mandatory and that failure to comply strictly with the time limitation imposed resulted in a loss of trial court jurisdiction. *Rosen*, 72 Wis. 2d at 208.

¶ 25. *Rosen* is inapposite to the case before us. *Rosen* stands for the proposition that once a forfeiture action has been commenced by the state, the state must comply with the time limits under Wis. Stat. § 961.555(2). In this case, a forfeiture action was never initiated; thus, the time limits were never triggered.

¶ 26. In addition, the *Rosen* court neither addressed nor considered Wis. Stat. § 968.20 or its relationship with Wis. Stat. §§ 961.55 or 961.555. Therefore, we conclude that *Rosen* is not controlling.

¶ 27. Moreover, we find nothing, nor does Jones direct us to anything, in Wis. Stat. §§ 961.55, 961.555

or *Rosen* which remotely suggests that the state is required to initiate a forfeiture action every time property is seized for a suspected violation of the UCSA. Presumably the requirement does not exist because district attorneys "enjoy largely unfettered discretion in the initiation of criminal proceedings." *State v. Braunsdorf*, 98 Wis. 2d 569, 572, 297 N.W.2d 808 (1980). It follows then that a district attorney may exercise this discretion in determining whether to initiate forfeiture proceedings or not.

¶ 28. To conclude otherwise would lead to absurd results which we are duty bound to avoid. *State ex rel. Sielen v. Circuit Court for Milwaukee County*, 176 Wis. 2d 101, 108, 499 N.W.2d 657 (1993). Effectively we would be concluding that while district attorneys have discretion in determining whether or not to prosecute and in selecting which of several related crimes he or she wishes to charge, he or she would have no discretion in deciding whether to initiate forfeiture actions. *Cf. State v. Annala*, 168 Wis. 2d 453, 473, 484 N.W.2d 138 (1992); *Braunsdorf*, 98 Wis. 2d at 577.

■

¶ 29. There are several reasons why district attorneys would not abandon their use of the forfeiture proceedings. First, a forfeiture action lies whether or not a criminal charge has been brought against the owner of the property seized. *State v. Hooper*, 122 Wis. 2d 748, 751, 364 N.W.2d 175 (Ct. App. 1985)(under Wis. Stat. § 161.55(1)(f) (1983–84) the state is only required to show that the seized property was "derived from or realized through the commission of any crime" under Wis. Stat. ch. 161 (1983–84), the predecessor to Wis. Stat. ch. 961). In contrast, the return of property statute, Wis. Stat. § 968.20, is more limited because it presupposes the existence of a case and the retention of

property by the authorities for use as evidence. *See Benhoff*, 185 Wis. 2d at 603 (requires the return of seized property that is neither contraband nor *needed as evidence in a case*); § 968.20(1)(a) and (b)(court shall return property, other than contraband, if property is not needed as evidence or all proceedings have been completed); § 968.20(2)(property not required for evidence or use in further investigation may be returned without a hearing).

¶ 30. With some property, district attorneys have no choice but to initiate a forfeiture action under Wis. Stat. §§ 961.55 and 961.555. If the property subject to forfeiture cannot be located; has been transferred or conveyed to, sold to or deposited with a third party; is beyond the jurisdiction of the court; has been substantially diminished in value while not in the actual physical custody of the law enforcement agency; or has been commingled with other property that cannot be divided without difficulty, then a district attorney may only bring a forfeiture action against property of a defendant not otherwise subject to seizure. Wis. Stat. § 961.555(4)(a)–(e).

¶ 31. In other situations, the property may be subject to state and federal jurisdiction. In such a case, the first-in-time rule applies. The rule is that only one court may have jurisdiction over the res in an in rem proceeding, and therefore the first court to obtain in rem jurisdiction maintains it to the exclusion of all others, whether the court is state or federal. *Penn Gen. Cas. v. Pennsylvania*, 294 U.S. 189, 195 (1935); *United States v. One Parcel Property Located at Lot 85*, 100 F.3d 740, 742 (10th Cir. 1996), cert. denied, 520 U.S. 1253 (1997); *United States v. $79,123.49 in United States Cash & Currency*, 830 F.2d 94, 95–96 (7th Cir.

1987). Thus, when it is possible for two courts to have concurrent jurisdiction over the property, the state may be deprived of jurisdiction if it delays initiating a forfeiture action.

¶ 32. As we have previously explained, "the district attorney is answerable to the people of the state and not to the courts or the legislature as to the manner in which he or she exercises prosecutorial discretion." *Annala*, 168 Wis. 2d at 473. "Political review through the electoral process is sufficient to ensure the proper application of prosecutorial discretion." *Id.*; *Braunsdorf*, 98 Wis. 2d at 577. We will not impair, without authority or reason, district attorneys' discretionary decisions of whether to initiate forfeiture proceedings or not.

■■■

¶ 33. Based on the foregoing, we see no conflict between Wis. Stat. §§ 961.55 and 968.20 which requires us to limit the language of either statute. Rather, we conclude that the legislature intended that the return provision of Wis. Stat. § 961.55(3) can only be triggered by a failed forfeiture action brought by the state. In those situations where the state has not initiated a forfeiture action, we conclude that a person claiming the right to property seized by the authorities is limited to the procedures set forth in § 968.20.[12]

---

[12] The dissent fails to answer several issues raised in this case. The dissent does not address: the purpose of the "seized but not forfeited" language added to Wis. Stat. § 961.55(3); the legislature's affirmation of both Wis. Stat. §§ 961.55 and 968.20; the affect of its "simple" interpretation on the general forfeiture provisions, Wis. Stat. §§ 973.075 and 973.076, the return of property statute, § 968.20, or prosecutorial discretion. While the dissent pays lip service to its "simple and straightforward interpretation" of Wis. Stat. ch. 961 forfeiture procedures, it

## III.

¶ 34. In this case, the State did not initiate a forfeiture action; thus, Jones was limited to the procedures provided under Wis. Stat. § 968.20. This brings us to the second issue before this court: If the interested party brings an action for return of property under § 968.20, is cash considered "contraband" within the meaning of Wis. Stat. § 968.13(1), particularly when the charge arising out of the property seized during the search is ultimately dismissed.

¶ 35. Wisconsin Stat. § 968.20(1) provides:

> **(1)** Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned. The court shall order such notice as it deems adequate to be given the district attorney and all persons who have or may have an interest in the property and shall hold a hearing to hear all claims to its true ownership. If the right to possession is proved to the court's satisfaction, it shall order the property, other than contraband or property covered under sub. (1m) or 1(r) or s. 951.165, returned if:
>
> (a) The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or
>
> (b) All proceedings in which it might be required have been completed.

does so from a narrow viewpoint. Our interpretation addresses not only the statutes at issue, but also considers the implications of our decisions on other areas of the law.

Pursuant to this statute, if the person seeking return has a right to possession of the property, if the property is not contraband, and if the property is not needed as evidence (or, if needed, arrangements can be made for its return, or all proceedings in which it might be required have been completed), then the court shall order the return of the property. *Benhoff*, 185 Wis. 2d at 603.

¶ 36. The term "contraband" is not defined in Wis. Stat. § 968.20. However, we believe the *Benhoff* court correctly looked to Wis. Stat. § 968.13(1) for the definition. Section 968.13(1)(a) provides:

> **(1)** A search warrant may authorize the seizure of the following:
>
> (a) Contraband, which *includes without limitation because of enumeration* lottery tickets, gambling machines or other gambling devices, lewd, obscene or indecent written matter, pictures, sound recordings or motion picture films, forged money or written instruments and the tools, dies, machines or materials for making them, and controlled substances, as defined in s. 961.01(4), and controlled substance analogs, as defined in s. 961.01(4m), and the implements for smoking or injecting them. Gambling machines or other gambling devices possessed by a shipbuilding business that complies with s. 945.095 are not subject to this section. [Emphasis added.]

Contraband need never be returned. Judicial Council Committee Note, 1969, § 968.20, Stats.

¶ 37. In construing Wis. Stat. § 968.13(1)(a), to determine whether cash may be included as contraband, we are to give effect to the intent of the legislature. *State ex rel. Jacobus v. State*, 208 Wis. 2d 39, 47–48, 559 N.W.2d 900 (1997). We must ascertain

that intent by first looking to the language of the statute itself and giving the language its ordinary and accepted meaning. *State ex rel. Angela M.W. v. Kruzicki*, 209 Wis. 2d 112, 121, 561 N.W.2d 729 (1997). Only if the statutory language is ambiguous may we resort to outside sources to aid statutory construction. *Marshall-Wisconsin Co. v. Juneau Square Corp.*, 139 Wis. 2d 112, 133, 406 N.W.2d 764 (1987).

¶ 38. We find no ambiguity in the legislature's provision that contraband includes, among other things, money that is related to the commission of a crime or that represents illicit proceeds from an unlawful sale. We construe the listed items contained in Wis. Stat. § 968.13(1)(a), as required by its language, not as a limitation on what constitutes contraband, but rather as several examples of items that may be considered contraband (and therefore subject to seizure). Because the statute expressly covers items "without limitation by enumeration," contraband cannot reasonably be read as limited to the class, type or nature of the items listed in subsec. (a).

¶ 39. Jones contends, however, that money should not be included as contraband under the "without limitation" clause of Wis. Stat. § 968.13(1)(a). Relying on the doctrine of *ejusdum generis*, which the State also looks to, Jones urges that all of the items listed in § 968.13(1)(a) are either inherently illegal to possess or were inherently illegal to possess when the legislature passed the law. As Jones defines it, contraband is limited to that which is *per se* illegal to possess. Because it is not illegal to possess money, Jones insists money does not fall under the purview of § 968.13(1)(a).

¶ 40. The doctrine of *ejusdem generis* is an attempt to reconcile an incompatibility between spe-

cific and general words. 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 47.17 (5th ed. 1992). To that end, the doctrine treats particular words as indicating the class and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words. *Id. See also, State v. Engler*, 80 Wis. 2d 402, 408, 259 N.W.2d 97 (1977).

¶ 41. We disagree with Jones' proposed construction and the conclusion based upon it. While some of the items listed may have been illegal to possess in 1969, when the statute was enacted, they are no longer illegal to possess yet they are still contained in the statute. As the State points out, lottery tickets are now legal to possess, but may be used or acquired in an illicit manner bringing them under the purview of Wis. Stat. § 968.13(1)(a).[13]

¶ 42. It was also illegal to possess lewd, obscene or indecent matter in 1969,[14] but such possession is now legal unless the matter, for example, is exposed to a child pursuant to Wis. Stat. § 948.11, drawn or written in public or a public place under Wis. Stat. § 944.23, or if it is used, exhibited or transferred in a manner described in Wis. Stat. § 944.21(3) and (4).

---

[13] "Lottery" does not include bingo or a raffle conducted under ch. 563, pari-mutuel wagering conducted under ch. 562 or the state lottery or any multijurisdictional lottery conducted under ch. 565. Wis. Stat. § 945.01(5)(am). Thus, lottery tickets employed or acquired in any other manner than the above-listed exceptions would constitute "contraband."

[14] In 1969, whoever knowingly possessed a lewd, obscene or indecent written matter or lewd, obscene or indecent picture could be fined not more than $1,000 or imprisoned in the county jail for one year or less, or both. Wis. Stat. § 944.22 (1977). Section 944.22 was repealed in 1977. § 98, ch. 173, Laws of 1977.

¶ 43. In addition, many of the items listed in Wis. Stat. § 968.13(1)(a) are not *per se* illegal today, and were not in 1969. For example, the "tools, dies, machines or materials" used to make forged money or written instruments have many legal uses; however, once they are used in an illegal manner, they become "contraband."

¶ 44. Similarly, some of the items used to smoke or inject controlled substances, such as Chore-boys or syringes, have legal and useful purposes; however, when used as an implement to smoke or inject a controlled substance, they become contraband. If implements to smoke or inject controlled substances constitute contraband, certainly money which is used to purchase or is acquired through the sale of controlled substances falls under the purview of Wis. Stat. § 968.13(1)(a).

¶ 45. To narrowly interpret Wis. Stat. § 968.13(1)(a) as Jones suggests—contraband includes only those items which are *per se* illegal—would render these items superfluous. This is a result to be avoided. *Wisconsin Elec.*, 110 Wis. 2d at 534.

¶ 46. Based on the enumerated items provided in Wis. Stat. § 968.13(1)(a), we conclude that contraband is not limited to materials which are *per se* illegal. Rather, it is clear that contraband encompasses those items that are not only *per se* illegal, such as controlled substances or forged money, but also those items which are used, acquired or transferred illicitly. Money which is established to have been acquired through the sale of or used to purchase controlled substances certainly constitutes contraband under § 968.13(1)(a).

¶ 47. We also note that a rule of statutory construction, such as *ejudem generis*, is employed only to

determine the legislative intent behind an ambiguous statute. *State v. Tollefson*, 85 Wis. 2d 162, 167, 270 N.W.2d 201 (1978). "It is impermissible to apply rules of statutory construction to ascertain legislative intent when the legislation is clear on its face." *Engler*, 80 Wis. 2d at 406. We conclude that Wis. Stat. § 968.13(1)(a) is clear on its face; contraband consists of items which are *per se* illegal as well as those legal items which are put to an illegal use or acquired illicitly.[15]

¶ 48. This court in *State v. Voshart*, 39 Wis. 2d 419, 159 N.W.2d 1 (1968), recognized the difference between items which are *per se* illegal, and those items which are put to an illegal use. One of the issues before the *Voshart* court was whether concededly obscene materials which were improperly seized had to be returned to the defendant or could be destroyed as contraband. *Id.* at 434. The court determined that it would frustrate the public policy of the state based on the nature of obscenity to return admittedly obscene materials. *Id.* In reaching its conclusion, the court distinguished obscenity from "an article put to an illegal use," instead equating the former with those materials that should be destroyed because they are illegal to possess, such as counterfeit money, diseased cattle and gambling devices. *Id.* at 435. In contrast, the money in this case is akin to items which may constitute contraband, under Wis. Stat. § 968.13(1)(a), if put to an illegal use, such as the "tools, dies, machines or materials" used to make forged money or written instruments.

---

[15] Because we conclude that Wis. Stat. § 968.13(1)(a) is unambiguous, we need not resort to legislative history to discern legislative intent. *Cynthia E. v. La Crosse County Human Serv. Dept.*, 172 Wis. 2d 218, 225, 493 N.W.2d 56 (1992); *J.A.L. v. State*, 162 Wis. 2d 940, 962, 471 N.W.2d 493 (1991).

¶ 49. While public policy may not dictate destruction of the money, it certainly does not require its return to the owner. The legislature has declared the abuse of controlled substances to be a serious problem for society, Wis. Stat. § 961.001, and that those who illicitly traffic in controlled substances constitute a menace to the public health and safety, § 961.001(1r). Accordingly, the public interest in the control, suppression and regulation of controlled substances and those who traffic in them dictates that money which is used to purchase or is acquired in the sale of controlled substances be designated as contraband.

¶ 50. Contrary to Jones' assertion, our interpretation does not render Wis. Stat. § 968.13(1)(b) superfluous. He argues that under subsec. (b) anything which is the fruit of or has been used in the commission of any crime may be seized under a search warrant. *Id.* If an item is neither contraband nor needed as evidence, a person may seek return of the property, and the court shall order its return under Wis. Stat. § 968.20(1). *Benhoff*, 185 Wis. 2d at 603. Thus, while § 968.20(1)(b) authorizes the seizure of items which have been used in the commission of a crime, these items must be returned to the rightful owner when they are no longer needed as evidence or when the proceedings have been completed. § 968.20(1)(a) and (b). Contraband, on the other hand, need never be returned. Judicial Council Committee Note, 1969, § 968.20, Stats.

¶ 51. Jones also contends that a broad interpretation of contraband would lead to absurd results because the potentially innocent owner of the money which is seized and later found to be contraband is out of luck. However, Wis. Stat. § 968.20(4) directs cities, towns, villages, and counties to adopt procedures for

disposal of seized property. These procedures are to include a presumption that if the substance appears to be or is reported stolen, an attempt will be made to return the substance to the rightful owner. § 968.20(4). Thus, a truly innocent property owner would have some recourse under the statute.

¶ 52. We also reject Jones' argument that if an item is the "fruit of a crime," or used to commit a crime, then the criminal charges are critical. According to Jones, items which are *per se* illegal need never be returned, but those items which are legal to possess but have been used in an illicit manner must be proven to be contraband in a forfeiture action or be returned to its rightful owner. This contention is untenable.

¶ 53. As this court stated in *Voshart*, when determining whether seized property constitutes contraband, the underlying criminal charges are not before us for review. *Voshart*, 39 Wis. 2d at 436. "Where the items were in fact contraband, properly found so to be by judicial determination in adversary proceedings, timely conducted, offending no constitutional safeguards, they would be subject to confiscation rather than return." *Id*. Because contraband threatens the public health, safety and morals, the legislature has allowed for its seizure. *Id*. at 435. Similarly, controlled substances and those who traffic them are considered a substantial menace to the public health and safety. Wis. Stat. § 961.001(1r). Certainly money which is either the proceeds from or used for the purchase of controlled substances which has been found to be contraband in a judicial proceeding need not be returned simply because the charges have been dismissed.

¶ 54. In sum, we conclude that Wis. Stat. § 968.13(1)(a) is clear on its face, and that under this

statute contraband is not limited to materials which are *per se* illegal. Rather, it is clear that contraband encompasses those items that are not only *per se* illegal, such as controlled substances or forged money, but also those items which are put to an illegal use or acquired illicitly, such as the purchase or sale of controlled substances.

## IV.

¶ 55. Having determined that money may constitute contraband under Wis. Stat. § 968.13(1)(a), if it is established to have been acquired through the sale of or used to purchase controlled substances, the next question we are presented with is who has the burden of establishing this connection. In order to remove any incentive a prosecutor may have to never use Wis. Stat. § 961.55, the forfeiture statute, the State suggests, without opposition from Jones, that this court place the same burden of proof on the state which exists under Wis. Stat. § 961.555(3) on the issue of whether the property in question is contraband.

¶ 56. This court, in *Welter v. Sauk County Clerk of Court*, 53 Wis. 2d 178, 182 n.6, 184, 191 N.W.2d 852 (1971), addressed the burden of proof under Wis. Stat. § 963.04, which was superseded by Wis. Stat. § 968.20. The petitioner in *Welter* sought return of some 200 items involved in the killing of a law enforcement officer, and the wounding of another. *Welter*, 53 Wis. 2d at 180. The trial court denied the motion based on petitioner's failure to particularize the evidentiary usefulness of the requested items in case a new trial were to be ordered. *Id.* at 183–84. This court affirmed, concluding that the burden of proof rests with the moving party to support the motion by proof. *Id.* at 184. We stated, "The burden of proof upon petitioner was, at the

least, the responsibility to identify items which he claimed to be without evidentiary value, and his reason or basis for so claiming." *Id.* at 185.

¶ 57. In his motion for return of the monies seized, Jones identified his claim to the money, and he indicated the basis of his claim, in accordance with *Welter*. It was the State, however, who argued that the money was contraband and need not be returned to Jones. Wis. Stat. § 968.20. Because the burden rests with the moving party to support the motion by proof, *Welter*, 53 Wis. 2d at 184, it follows that the State should have the burden of establishing that the property, in this case money, constitutes contraband as defined by Wis. Stat. § 968.13(1)(a), and need not be returned, § 968.20.

¶ 58. Wisconsin Stat. § 968.20 is silent on this question. However, actions *in rem* are civil and fall under the civil procedures of Wis. Stat. ch. 801. *See* Wis. Stat. § 801.01; *State v. One 1973 Cadillac*, 95 Wis. 2d 641, 644, 291 N.W.2d 626 (Ct. App. 1980). In addition, Wisconsin cases have applied the lower burden in civil actions involving criminal acts. *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 299, 294 N.W.2d 437, 457 (1980). While the return of property statute does not involve criminal acts, the state's contention that the property is contraband implies criminal or illicit activity. *See* Judicial Council Committee Note, 1969, § 968.20, Stats. (Contraband need never be returned). Thus, the appropriate burden of proof in this civil matter, as with other civil actions, is proof by the greater weight of the credible evidence. *See* Wis. JI-Civil 200 (1996); *Kruse v. Horlamus Indus., Inc.*, 130 Wis. 2d 357, 362–63, 387 N.W.2d 64 (1986). We conclude that when the state contends that property need not be

returned under § 968.20(1) because it constitutes contraband, the state must establish this by the greater weight of the credible evidence.

## V.

¶ 59. In addressing whether money may constitute contraband under Wis. Stat. § 968.13(1)(a), we have concluded that property, in this case money, which has been found to have a significant connection to items which are illegal to possess, such as controlled substances, or have been acquired illicitly, may constitute contraband. We also have reaffirmed that an item found to be contraband need never be returned regardless of whether the underlying criminal charges are dismissed or not. Further, when the state has alleged property to be contraband, and therefore not subject to return, we have concluded that the state must establish that the property is contraband by the greater weight of the credible evidence.

¶ 60. We have yet to determine the effect of our holdings on the outcome of this case. At the hearing on Jones' motion for return of the property, the circuit court placed the burden of establishing that the money was not contraband on Jones. This was in error. The proper question and the question before us now is whether the State established by the greater weight of the credible evidence that the money was drug-related and therefore contraband.

¶ 61. Whether a party has met its burden of proof is a question of law which we examine without deference to the circuit court's conclusion. *Burg v. Miniature Precision Components, Inc.*, 111 Wis. 2d 1, 12, 330 N.W.2d 192 (1983). However, in doing so, we must accept the circuit court's assessment of the credibility of the witnesses and the weight to be given their testi-

mony. *See id.* at 12–13; *In re Estate of Glass*, 85 Wis. 2d 126, 135, 270 N.W.2d 386 (1978). Because the State established, by the greater weight of the credible evidence, that the money was contraband, we conclude that the circuit court committed harmless error by placing the burden on the defendant.

¶ 62. The harmless error test appears in Wis. Stat. § 805.18, which requires this court to "disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." § 805.18(1). When a court has committed a procedural error, § 805.18 precludes the court from reversing unless an examination of the entire proceeding reveals that the alleged error has "affected the substantial rights" of the party seeking reversal. § 805.18(2); *State v. Armstrong*, 223 Wis. 2d 331, 368, 588 N.W.2d 606 (1999).

¶ 63. When determining whether the circuit court error is harmless, this court must determine if there is a reasonable possibility that but for the error, the result of the proceeding would have been different. *Armstrong*, 223 Wis. 2d at 369. The State, as the beneficiary of the error, has the burden of showing that the error was harmless. *State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985).

¶ 64. The State has met its burden in this case. Jones was arrested for OWI, and a search incident to that arrest was conducted of Jones and the vehicle in which he was found. Jones moved to suppress the evidence and sought return of the money and property seized during the search. At the motion hearing, Officer Linsmeier testified to the evidence he found: a small scale, six cigarette lighters, three pieces of charred "Chore-boy" scouring pads and $1,783 in cash.

Linsmeier explained that "Chore-boy" pads are regularly used in a crack pipe for ingesting crack cocaine and that a scale is a common tool that drug dealers use to measure drugs for sale. The wads of cash were also significant: the number of twenties in set totals, the separation of the money on Jones' body, and the lack of any alternative explanation for the large amount of cash all indicated to Linsmeier that the money was drug-related. Jones presented no evidence to the contrary.

¶ 65. The circuit court found Linsmeier's testimony to be credible in reaching its conclusion that the money was contraband. We accept the circuit court's findings as to the credibility of the testimony unless they are clearly erroneous. *Burg*, 111 Wis. 2d at 12; Wis. Stat. § 805.17(2). Based on the evidence presented at the hearing, we conclude that the State established, by the greater weight of the credible evidence, a logical nexus between the money and the drug paraphernalia in Jones' possession such that the money falls under the purview of Wis. Stat. § 968.13(1)(a) and need not be returned.[16]

---

[16] In the case of forfeiture proceedings, the federal courts have found that money, in combination with other persuasive circumstantial evidence, particularly the presence of drug paraphernalia, is sufficient to establish probable cause. *United States v. $321,470.00, United States Currency*, 874 F.2d 298, 305 (5th Cir. 1989); *United States v. $93,685.61 in United States Currency*, 730 F.2d 571, 572 (9th Cir. 1984); *United States v. $22,287.00, United States Currency*, 709 F.2d 442, 449 (6th Cir. 1983); *United States v. $60,000*, 763 F. Supp. 909, 915–16 (E.D. Mich. 1991); *United States v. $111,980 in United States Currency*, 660 F. Supp. 247, 249–50 (E.D. Wis. 1987). Money, standing alone, however, is not sufficient to establish probable

¶ 66. We are unpersuaded that the cases cited by Jones dictate a different result. Jones concedes that the four cases he cites all stem from a different procedural posture, but insists these cases provide persuasive authority for this court to rule in his favor.

¶ 67. We do not agree. The result in each case turned on whether there was credible evidence to support the circuit court's factual findings, and in three cases, the reviewing court determined that there was credible evidence to support the court's findings. *See State v. Roberts*, 657 N.E.2d 547, 550 (Ohio Ct. App. 1995); *State v. $7,000*, 642 A.2d 967, 975 (N.J. 1994); and *People v. United States Currency, $3,108*, 579 N.E.2d 951, 956 (Ill. 1991). Similarly, in this case, we have concluded that there is credible evidence to support the circuit court's finding that the cash was contraband.

¶ 68. In the fourth cited case, *United States v. $506,231 in United States Currency*, 125 F.3d 442, 453–54 (7th Cir. 1997), the court of appeals reversed the district court finding no evidence tying the money to narcotics pursuant to 21 U.S.C. § 881(a)(6), which allows for forfeiture of proceeds traceable to drug trafficking. The court concluded that without the statutorily required nexus connecting the money to drugs, the money was not subject to forfeiture. *$506,231 in United States Currency*, 125 F.3d at 452. The court did not determine whether cash could be

---

cause. *United States v. $506,231 in United States Currency*, 125 F.3d 442, 452 (7th Cir. 1997); *United States v. Baro*, 15 F.3d 563, 568 (6th 1994); *United States v. $7,850.00 in United States Currency*, 7 F.3d 1355, 1358 (8th Cir. 1993). Although this case does not involve a forfeiture proceeding, the reasoning is certainly on point.

contraband. We do not view the cited cases as controlling.

¶ 69. In summary, we hold that property, in this case money, which has been found in a judicial proceeding to have a logical nexus to items which are illegal to possess, such as controlled substances, or have been acquired through illicit means, may constitute contraband as defined in Wis. Stat. § 968.13(1)(a). If property is found to be contraband under § 968.13(1)(a), the property need not be returned to the owner whether criminal charges are filed or not. Wis. Stat. § 968.20. We also hold that the state is required to establish, by the greater weight of the credible evidence, that the property constitutes contraband. Even though the circuit court in this case mistakenly placed the burden on the defendant to show whether the cash was or was not . contraband, we conclude that based on the evidence presented at the hearing, this error was harmless. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 70. DAVID T. PROSSER, J. (*concurring*). This case can be decided without the extensive statutory interpretation contained in Part II of the majority opinion. Because I have reservations about that interpretation, I am not prepared to join Part II of the opinion. I do join Parts I, III, IV, and V, as well as the mandate of the court.

¶ 71. This case starts with a traffic arrest. Shortly before 5:00 a.m. on February 1, 1997, Madison police officer Kevin Linsmeier investigated a car parked in front of 2841 Moland Street in Madison. Lin-

smeier had been called to the scene by a city parking monitor. He found a parked vehicle in the street with its engine running and saw Leonard Jones sitting alone in the driver's seat. Jones appeared to be asleep or unconscious.

¶ 72. Concerned about the man's condition, Linsmeier knocked on the window attempting to get Jones' attention. Twice Jones responded to the knocking by hitting the accelerator with his foot causing the engine to rev loudly. Eventually, Linsmeier pounded on the window and yelled. He was about to break the glass when Jones awoke and rolled down the window.

¶ 73. Immediately, the officer smelled intoxicants on Jones' breath. He observed that Jones' eyes were glassy and dilated. He noticed that his speech was slurred. When Jones finally got out of the car, he leaned against the vehicle to maintain his balance. He refused to answer a question about whether he had been drinking and he refused to submit to field sobriety tests. At that point, Officer Linsmeier arrested Jones for operating a motor vehicle while intoxicated.

¶ 74. Thereafter, Linsmeier conducted a search of Jones' person as well as his parked vehicle. He made the search incident to an arrest for operating a vehicle while intoxicated, and he seized cash, drug paraphernalia, and other items found during the search.

¶ 75. On February 5, 1997, Jones was charged with possessing drug paraphernalia in violation of Wis. Stat. § 961.573(1). In mid-March he responded by moving to suppress the evidence seized and asking for its return. He cited former Wis. Stat. § 161.55(2) in seeking return of the evidence.

¶ 76. On May 29, 1997, Circuit Judge Jack Aulik conducted a hearing on Jones' two-part motion. He found that Officer Linsmeier had probable cause for his

search of the vehicle. He also denied Jones' motion to return the seized property on grounds that the property was contraband. He then set a jury trial on the pending drug paraphernalia charge. Sixty-seven days later, the drug paraphernalia charge was dismissed because Jones had been sent to prison for other offenses.

¶ 77. Although Judge Aulik ruled that the cash was contraband, he was reminded during the suppression/forfeiture hearing that there was an ongoing criminal case and that Wis. Stat. § 968.20(2) provides: "Property not required for evidence or use in further investigation, unless contraband. . .may be returned by the officer to the person from whom it was seized without the requirement of a hearing." At the time of the hearing, Judge Aulik could not have found that the property was not needed as evidence or that all proceedings in which it might be required had been completed. Wis. Stat. § 968.20(1)(a) and (b).

¶ 78. As I see it, the evidence at issue here was seized incident to a lawful arrest that had nothing to do with the Uniform Controlled Substance Act. Wis. Stat. ch. 961 (1995–96). There was no obligation on the part of the State to seek forfeiture of this evidence under Wis. Stat. § 961.555, and there was no authority for Jones to seek return of the seized property under Wis. Stat. § 961.55(3), particularly when a drug case supported by the evidence was still pending.

¶ 79. The majority acknowledges that the evidence was seized incident to an arrest for OWI. Majority op. at 571. The dissent, in asserting that Jones "had had property seized under Chapter 961," is factually mistaken. Dissent at 603. The case should have been decided without all the troublesome interpretation in Part II of the opinion.

¶ 80. ANN WALSH BRADLEY, J. (*dissenting*). Since Jones was criminally charged under chapter 961 and had his property seized under chapter 961, it is reasonable to conclude that the legislature intended that the forfeiture stemming from those events should also be governed by chapter 961 forfeiture proceedings. The majority concludes otherwise.

¶ 81. Instead the majority applies the forfeiture proceedings of chapter 968 and unnecessarily complicates a relatively simple statutory procedure. Because the majority fails to acknowledge a conflict between those statutory schemes, disregards the mandatory language of chapter 961, and in the process renders chapter 961 forfeiture procedure practically meaningless, I respectfully dissent.

¶ 82. The statutory symmetry in this case is striking. Chapter 961 guided this case until the prosecutor failed to commence a forfeiture action within 30 days of the seizure of the property. Jones was charged with possession of drug paraphernalia under Wis. Stat. § 961.573. The police seized Jones' property pursuant to Wis. Stat. § 961.55(2). After the charges were dropped, Jones sought the return of his property under Wis. Stat. § 961.55(3). All he now seeks is a ruling that, like the other parts of this matter, the forfeiture proceedings also be governed by chapter 961.[1]

---

[1] Of course, Jones' interest is not academic. If the forfeiture proceedings of chapter 961 are the required procedure in this case, he is automatically entitled to the return of his seized property. Wisconsin Stat. § 961.555 requires a prosecutor to commence a forfeiture action 30 days from the seizure of the property. It is undisputed that the prosecutor in this case failed to do so.

This court has previously determined that any failure to follow these mandatory time limits causes the circuit court to

¶ 83. It is well established that "when we compare a general statute and a specific statute, the specific statute takes precedence." *City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 185, 532 N.W.2d 690 (1995). There can be little doubt that the forfeiture proceedings outlined in chapter 961 are more specific provisions than those contained at Wis. Stat. § 968.20. The majority recognizes this fact, but circumvents this long-standing rule of statutory construction by concluding that such a rule is inapplicable because no conflict exists between Wis. Stat. § 961.55 and § 968.20. Majority op. at 576–77.

¶ 84. I fail to see how the two provisions are not in conflict. Take, for example, something as rudimentary as which party must initiate the proceedings. Wisconsin Stat. § 961.555 places the burden to initiate forfeiture proceedings on the State; section 968.20 places the burden to initiate recovery proceedings on the person whose property was seized. The majority sidesteps this conflict stating that the language in § 961.55(3) requiring property " 'seized but not forfeited shall be returned to its rightful owner' " is "only triggered by an unsuccessful forfeiture action brought by the [S]tate." Majority op. at 577–78 (quoting § 961.55(3)).

¶ 85. Similarly, the statutes also conflict in the procedural requirements necessary to initiate forfeiture or recovery proceedings. Under chapter 961, a prosecutor has 30 days in which to begin forfeiture

lose jurisdiction, requires the proceeding to be dismissed, and obligates the State to return Jones' property. *State v. Rosen*, 72 Wis. 2d 200, 204–09, 240 N.W.2d 168 (1976). Thus, if Jones is correct that the forfeiture proceedings in chapter 961 are the procedures to be followed, he is entitled to the recovery of his property.

proceedings or lose the ability to seek forfeiture of the property. Wis. Stat. § 961.555(2)(a). Section 968.20 places no time limitation on the initiation of proceedings. To commence a Chapter 961 forfeiture proceeding, a summons, complaint, and affidavit must be filed with the clerk of the circuit court and served on the property owner within 60 days. Wis. Stat. § 961.555(2)(a). In contrast, to commence a § 968.20 proceeding, an "application" must be made with the circuit court who then provides the prosecutor with "notice as it deems adequate."

¶ 86. Aside from its failure to recognize the existence of a statutory conflict, the majority's interpretation of Wis. Stat. § 961.55 and § 961.555 fails to recognize that the forfeiture procedures outlined in chapter 961 are stated in mandatory terms. For example, Wis. Stat. § 961.55(3) states that after property is seized under § 961.55(2), forfeiture "proceedings under [§ 961.55(4)] *shall* be instituted promptly" (emphasis added). Similarly, § 961.555 declares that a prosecutor "*shall* commence the forfeiture action within 30 days after the seizure of the property" (emphasis added). Where the word "shall" is used, we presume the action to be mandatory unless the legislature indicates otherwise. *Walworth County v. Spalding*, 111 Wis. 2d 19, 24, 329 N.W.2d 925 (1983). Indeed, this court has already determined that the use of "shall" in chapter 961 forfeiture proceedings creates mandatory obligations. *State v. Rosen*, 72 Wis. 2d 200, 240 N.W.2d 168 (1976). In short, I see nothing in these statutes indicating that when the State seizes property under Wis. Stat. § 961.55(2) it may elect to initiate forfeiture proceedings under chapter 961—or it may elect not to. The statutory language makes that act mandatory.

¶ 87. Additionally, the majority opinion has the effect of making the chapter 961 forfeiture provisions practically meaningless. I cannot imagine why a prosecutor would ever "choose" to proceed with forfeiture proceedings under chapter 961. Under such proceedings the prosecutor is required to file the action within 30 days of the seizure and face other imposed time limits relating to the initiation and prosecution of the action. *See* Wis. Stat. § 961.555. Conversely, under Wis. Stat. § 968.20, the prosecutor does not need to take any affirmative steps to retain the property; the burden to initiate the proceeding is on the person whose property has been seized.

¶ 88. The case of *State v. Rosen*, 72 Wis. 2d 200, 240 N.W.2d 168 (1976), illustrates this point. The *Rosen* court concluded that when the State commenced forfeiture proceedings under the predecessor to Wis. Stat. § 961.555, the time limits contained in that statute were mandatory. *Id.* at 208. Thus when a prosecutor failed to adhere to those time limits the circuit court lost jurisdiction and the proceeding had to be dismissed. *Id.* Why would prosecutors willingly proceed under § 961.555 and be saddled with initiation and prosecution burdens if they had a choice? The answer is that prosecutors would not if given the choice.

¶ 89. Recognizing that this chapter 961 forfeiture "option" is one that no prosecutor would normally choose, the majority seeks to avoid the conclusion that its interpretation would make chapter 961 forfeiture provisions superfluous by advancing special circumstances in which a prosecutor would choose to initiate chapter 961 forfeiture proceedings. Majority op. at 583–84.

¶ 90. The majority's first contention is that chapter 961 forfeiture proceedings can occur "whether or not a criminal charge has been brought against the owner of the property seized" juxtaposing that with Wis. Stat. § 968.20's "presuppos[ition] of the existence of a case." *Id.* This is not only a distinction without a difference, it is not a distinction at all. Both provisions have the identical language in this regard:

> [The seized property shall be returned if:]
>
> (a) The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or
>
> (b) All proceedings in which it might be required have been completed.

Wis. Stat. § 961.55(3)(a), (b); Wis. Stat. § 968.20(1)(a), (b). Notwithstanding the majority's contentions to the contrary, it appears that the presuppositions underlying chapter 961 forfeiture proceedings and Wis. Stat. § 968.20 forfeiture proceedings are identical.

¶ 91. Though the majority's second and third rationales for a prosecutor's continued use of chapter 961 forfeiture proceedings are more plausible than its first, they are still unpersuasive. The majority contends that the entirety of Wis. Stat. § 961.55 and § 961.555 is for the purpose of obtaining property otherwise unattainable. Majority op. at 584. Yet, a solitary subsection, § 961.555(4), accomplishes that act. The majority further asserts that these extensive statutes exist for the relatively obscure circumstance of obtaining property subject to concurrent jurisdiction with a foreign court. *Id.* Yet, they do not in any way reference such a purpose.

¶ 92. These second and third rationales may save the majority's overall interpretation from rendering chapter 961 forfeiture proceedings superfluous. Even though such rationales are arguably plausible, when considered in conjunction with the majority's dismissal of the chapter's symmetry and mandatory language, it is unlikely that the legislature intended such a strained interpretation.

¶ 93. Instead of engaging in these interpretive gymnastics, I would construe the statute in a simple and straightforward manner: when the State seizes property under chapter 961, the State must seek to have the owner forfeit that property under chapter 961.[2] This means that the forfeiture procedures out-

---

[2] The concurrence is incorrect when it states that Jones' cash was "seized incident to a lawful arrest that had nothing to do with [chapter 961]." Concurrence at 602. The circuit court specifically determined that the officer was authorized to seize Jones' cash because of chapter 961 and not merely because he had been arrested for operating a vehicle while intoxicated: ·

> QUESTION: Did you feel you had any probable cause to take that money, and, if so, under what statute did you have any probable cause to take that money?
>
> [objection omitted]
>
> THE COURT: I'll make that decision. The statute number is 961.55.

The circuit court's conclusion was based, at least in part, on the testimony of the officer:

> QUESTION: Based upon your training and experience do you have an opinion as to what the source was of the money that was found on Mr. Jones' person?
>
> WITNESS: It's my opinion it was drug-related money.

Simply stated, without the discovery of the drug paraphernalia the officer could not have seized the cash. One cannot get from an arrest for OWI to seizing Jones' cash without the inter-

lined in chapter 961 are the sole procedures to be used in such cases. Such an interpretation promotes the harmonious interaction between subsections of the same statute and between statutes in the same chapter. Such an interpretation gives effect to the mandatory words contained in the chapter's forfeiture provisions. Such an interpretation avoids relegating chapter 961 forfeiture provisions to the most exceptional of circumstances.

¶ 94. In sum, while Wis. Stat. § 968.20 dictates the procedures to be followed in many forfeiture situations, it does not apply to forfeiture proceedings arising out of chapter 961 seizures. Rather, when a crime is charged under chapter 961 and when the seizure occurs under chapter 961, the forfeiture must also occur under chapter 961.

¶ 95. This straightforward interpretation is consistent with the statutory language of § 961.55 and § 961.555 and avoids the special circumstances construction necessary to agree with the majority's interpretation. The State did not comply with the chapter 961 forfeiture procedures; Jones is therefore entitled to the return of his property. Because the majority concludes otherwise, and in the process unnecessarily complicates a relatively simple statutory scheme, I respectfully dissent.

¶ 96. I am authorized to state that CHIEF JUS-TICE SHIRLEY S. ABRAHAMSON joins this opinion.

mediate step of discovering the drug paraphernalia. However, by including the necessary intermediate step of discovering the drug paraphernalia, the seizure of the cash falls under chapter 961. Wis. Stat. § 961.55(2)(a).