COURT OF APPEALS
DECISION
DATED AND FILED

**November 18, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP738**

Cir. Ct. No. **2019SC1858**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

CRISTIAN M. LOGA-NEGRU,

  PLAINTIFF-APPELLANT,

 V.

PATRICIA HANSON, DISTRICT ATTORNEY, ERIC J. GIESE, DANIEL L. SCHAUER, MARK A. HALEEN AND MAXWELL ZINNEN,

  DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Racine County: EUGENE A. GASIORKIEWICZ, Judge. *Affirmed*.

¶1      NEUBAUER, C.J.[1]  On April 26, 2019, Cristian M. Loga-Negru filed a small claims replevin action against the Racine County District Attorney

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Patricia Hanson and multiple individuals, seeking return of numerous items seized following his arrest for several felony offenses and retained by the Mount Pleasant Police Department. At a hearing at which Hanson appeared to address his complaint, it was determined that multiple items would be returned to Loga-Negru, but that others would not, because his criminal appeal was still pending. We affirm.

¶2 Loga-Negru was charged and convicted of first-degree intentional homicide of his estranged wife in case No. 14CF1626, after he pled no contest. He has been sentenced to life imprisonment with the possibility of supervised release after thirty years. His criminal case in which he is challenging his conviction is currently pending on appeal in case No. 19AP1023.

¶3 After Loga-Negru filed his replevin action, the circuit court initially dismissed the claim, holding that WIS. STAT. § 968.20 governed the disposition of property seized in Wisconsin, and this was his exclusive remedy for return of the property.

¶4 Loga-Negru filed a motion for reconsideration. The court determined in a decision and order dated November 11, 2019, to hold a hearing, allowing the State to provide evidence for continued retention of the items seized pursuant to WIS. STAT. § 968.20.

¶5 The hearing was held on January 17, 2020. Loga-Negru was transported to participate in person at the hearing. Hanson appeared and addressed each item on the inventory list that Loga-Negru identified in his complaint, identifying several items that would be returned to Loga-Negru. Hanson also agreed with Loga-Negru's request to provide him with numerous items by providing him with copies, which would be given to his identified representative.

2

However, Hanson explained that the originals of paper items and numerous other items were to be retained by local law enforcement because Loga-Negru's criminal appeal was pending, specifically addressing each item.

¶6     For example, Hanson noted that a cell phone and computer were retained as they may have evidence of Loga-Negru's alleged stalking of the victim.  Binoculars found in his car were also potential evidence relating to Loga-Negru's stalking.  Hanson stated that a pocket knife was to be retained, and Loga-Negru stated that he had no objection.  Hanson's testimony was undisputed.

¶7     The circuit court determined that the withheld items were properly retained in the event of a trial resulting from Loga-Negru's continued challenge to his conviction.  Specifically, the January 17, 2020 small claims docket entry from which this appeal is taken provides:  "The state will release passport and SSN card, copies of all paperwork, Car (jetta), original registration and title for car (Jetta), TV, copy of warrant, and wallet are to be sent to Mr. Early S. [Louis] Jr.  Also Mr. [Louis] is to pick up car."  *See* WIS. STAT. § 808.03(1)(b) (appeal is taken from the docket entry in WIS. STAT. ch 799 cases).

¶8     Loga-Negru appeals.  While his brief is rambling and difficult to follow, at its core, he continues to challenge the retention of the remaining items.

¶9     The application of a statute to undisputed facts presents a question of law we review de novo.  *State v. Perez*, 2001 WI 79, ¶12, 244 Wis. 2d 582, 628 N.W.2d 820.  In *State v. Jones*, 226 Wis. 2d 565, 575, 594 N.W.2d 738 (1999) (footnote omitted), the court explained:

> [WISCONSIN STAT.] § 968.20(1) states that any person claiming the right to possession of property seized with or without a search warrant may apply for its return to the circuit court for the county in which the property was

3

seized. If the right to possession is proved to the court's satisfaction, it shall order property, other than contraband, returned if it is not needed as evidence or all proceedings have been completed.

¶10 We reject Loga-Negru's demand for return of the impounded property, as his challenge to his conviction for first-degree intentional homicide continues. All proceedings have not been completed. Accordingly, the circuit court properly denied Loga-Negru's complaint seeking return of his property.[2]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] Loga-Negru raises numerous undeveloped arguments, none of which persuade. For example, he challenges the legality of the warrant, which is not at issue in this civil small claims action. He also seeks damages for the diminished value of the items returned. He does not provide any legal authority which supports his request.

4